# 17-1018-cv

## United States Court of Appeals

*for the*

## Second Circuit

THE WAVE STUDIO, LLC,

*Plaintiff-Counter Defendant-Appellant,*

— v. —

GENERAL HOTEL MANAGEMENT LTD.,

*Defendant-Cross-Defendant-Appellee,*

DELTA AIR LINES, INC., DBA Delta.com,

*Defendant-Cross-Claimant-Counter Claimant,*

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-CROSS-DEFENDANT-APPELLEE

RONALD L. ISRAEL
DANIEL D. BARNES
ABIGAIL J. REMORE
CHIESA SHAHINIAN & GIANTOMASI PC
*Attorneys for Defendant-
    Cross-Defendant-Appellee*
11 Times Square, 31st Floor
New York, New York 10036
(212) 973-0572

TRAVELOCITY.COM, LP, DBA Travelocity.com, ROOM77, DBA
Room77.com, LEXYL TRAVEL TECHNOLOGIES, DBA Hotelplanner.com,
HOTELSBYME.COM, DBA Hotelsbyme.com, FAREBUZZ, DBA
Farebuzz.com, WK TRAVEL INC., DBA TRAVELSPOT.US, DBA
OneTravel.com, NEXTAG, INC., DBA Nextag.com, AMERICAN AIRLINES,
INC., DBA AAVacations.com, KAYAK SOFTWARE CORPORATION, DBA
Kayak.com, VACATIONS BY TZELL, DBA Vacationsbytzell.com,
BOOKIT.COM INC., DBA Bookit.com, ANDREW HARPER, DBA
Andrewharper.com, QANTAS AIRWAYS LIMITED, DBA QANTAS.COM.AU,
LUXE TRAVEL, LLC, DBA Luxetravel.com, SIGNATURE TRAVEL
NETWORK, DBA Signaturetravelnetwork.com, UNITED AIRLINES, INC.,
DBA Hotels.united.com, TABLET INC, DBA Tablethotels.com, FROSH
INTERNATIONAL TRAVEL, INC., DBA Froshvacations.com, EXPEDIA,
INC., DBA Expedia.com, RANDOM HOUSE INC., DBA Fodors.com,
NETADVANTAGE.COM, DBA Ihsadvantage.com, MARKET ES INC., DBA
Hotels-and-discounts.com, PEGASUS SOLUTIONS INC., ORBITZ
WORLDWIDE, LLC, DBA Orbitz.com, SPA FINDER, INC., DBA
Spafinder.com, THIS EXIT LLC, DBA Roadsideamerica.com, CEDORA, INC.,
DBA Realadventures.com, THE LEADING HOTELS OF THE WORLD, DBA
LHW.com, HOTELS.COM GP, LLC, DBA Hotels.com, DBA Travelnow.com,
Inc., RESEVERATION COUNTER, DBA Reservationcounter.com, IBT MEDIA
INC., DBA IBTIMES.COM, ESSLINGER WOOTEN MAXWELL, INC., DBA
Nelsongonzalez.com, HOTELGUIDES.COM, INC., DBA Hotelguides.com,
ESTEBAN OLIVEREZ, DBA Insanelycheapflights.com, GETAROOM.COM,
DBA Getaroom.com, FROMMER MEDIA, DBA Frommers.com, HIPMUNK,
INC., DBA Hipmunk.com, METRO TRAVEL GUIDE, DBA
Metrotravelguide.com, JOE MAZZARELLA, DBA Roomrate.com, QATAR
AIRWAYS, DBA QATARAIRWAYS.COM, TRIPADVISOR LLC, DBA
Tripadvisor.com, SETAI OWNERS LLC, DBA Setai.com,
HOTELSTRAVEL.COM, DBA Hotelstravel.com, LONELY PLANET
GLOBAL, INC., DBA Lonelyplanet.com, GOGOBOT, INC., DBA
Gogobot.com, FAREPORTAL INC, DBA Cheapoair.com, LUXURY TRAVEL
MEDIA, DBA Luxurytravelmagazine.com, DOES, 1-100, JETBLUE AIRWAYS
CORPORATION, DBA Jetblue.com, BUDGETWORKS, INC., DBA
Setaicondorentals.com, LUXEMONT, DBA Justluxe.com, ALLIANCE
RESERVATIONS NETWORK, DBA Reservetravel.com, MOBISSIMO INC.,
DBA Mobissimo.com, VFM LEONARDO, INC., MYSOBE.COM, DBA
Mysobe.com, ESCALA VACATIONS, DBA Escalavacations.com, QUESTEX
MEDIA LLC, DBA Fivestaralliance.com, ABOUT, INC., DBA About.com,

*Defendants-Cross-Defendants,*

ANA CRISTINA MARUN, DBA Vipluxuryrentals.com, I4SITES, DBA
I4SANUR.COM, JET SET OMNIMEDIA, DBA Jetsetreport.com, KEVIN
TOMLINSON, DBA Kevintomlinson.com, KRISTINE HALL, DBA
Luxuryrentalsmiamibeach.com, LINDA GUSTAFSON, DBA
Lindagproperties.com, LORRAINE TRAVEL, DBA Whatahotel.com, REEF &
RAINFOREST DIVE & ADVENTURE TRAVEL, DBA Reefrainforest.com,
DBA Setai-realty.com, TRACK ENTERTAINMENT, DBA Clubplanet.com,

VACATIONIDEA INC., DBA Vacationidea.com, DISNEY ENTERPRISES, INC., DBA Go.com, GANNETT SATELLITE INFORMATION NETWORK, INC., DBA Travel.usatoday.com, TIME INC., LIFESTYLE GROUP, DBA Coastalliving.com, SAMIR PATEL, DBA Miamicondorealty, DBA Setaisouthbeach.com, DBA Southbeachbrokers.com, DANIEL HORNEK, DBA Miamicondosearch.com, DBA Kafka-Franz.com, AUSTIN AMERICAN STATESMAN, DBA Statesman.com, SUNNY REALTY, DBA Sunnyislesmiamirealestate.com, ZIMBIO, INC., DBA Zimbio.com, CHARLES KESSLER, DBA A1-discount-hotels.com, HELEN SIEW, DBA Hotelspeedy.com, CHICTIP.COM, LLC, DBA Chictip.com, TURNER BROADCASTING SYSTEM, INC., DBA CNNGO.com, DANIEL CHESTNUT, DBA Economybooking.com, TWENTIETH CENTURY FOX FILM CORPORATION, DBA Fox News Network, LLC, DBA Foxnews.com, HAUTE LIVING, DBA Hauteliving.com, THEHUFFINGTONPOST.COM, INC., DBA Huffingtonpost.com, LESUEUR INTERIORS, DBA Lesueurinteriorsblog.com, MIAMI NEW TIMES, LLC, DBA Miaminewtimes.com, THE NILE PROJECT, INC., DBA Nileguide.com, REFINERY29, DBA Refinery29.com, VISA INC., BRITISH AIRWAYS PLC, HOTELS COMBINED LLC, SWISS INTERNATIONAL AIR LINES LTD., TRAVIX TRAVEL USA INC., VISITUSA LLC,

*Defendants.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee General Hotel Management Ltd. ("GHM") states that it is not a publicly held entity and that no publicly held entity has any ownership interest in it.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................... iii

JURISDICTIONAL STATEMENT ...................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1

STATEMENT OF THE CASE.........................................................................3

     A.    FACTUAL BACKGROUND ................................................4

          1.    Wave's Organizational Structure And Minimal Ties
              To The United States And The State Of New York. .................4

          2.    GHM's Organizational Structure And Minimal Ties
              To The United States And The State of New York. ..................5

          3.    The Allegedly Infringed Photographs And Their
              Lack Of Ties To The United States And The State
              of New York...............................................................6

     B.    PROCEDURAL HISTORY ..............................................8

STANDARD OF REVIEW ..........................................................................12

SUMMARY OF THE ARGUMENT ................................................................13

ARGUMENT ...........................................................................................16

POINT I .................................................................................................16

THE DISTRICT COURT PROPERLY SEVERED AND STAYED
THE RELATED INFRINGMENT ACTIONS AGAINST OTHER
DEFENDANTS ........................................................................................16

POINT II ................................................................................................21

THE FORUM NON CONVENIENS DOCTRINE REQUIRES
DISMISSAL OF THIS ACTION. ..................................................................21

     A.    WAVE'S SELECTION OF THE NEW YORK FORUM
          IS NOT ENTITLED TO ANY DEFERENCE. ..................22

i

**TABLE OF CONTENTS (cont'd)**

B.    SINGAPORE IS NOT ONLY AN APPROPRIATE FORUM, IT IS AN EXCELLENT FORUM. ....................................29

C.    ANALYSIS OF THE PUBLIC AND PRIVATE FACTORS DEMONSTRATES THAT THE DISMISSAL SHOULD BE AFFIRMED. ..................................36

    1.    The Private Interest Factors. ....................................37

    2.    The Public Interest Factors. ....................................44

POINT III ...................................................................................46

THE SECOND CIRCUIT DOES NOT HAVE JURISDICTION TO HEAR THIS APPEAL AND IT MUST BE DISMISSED ....................................46

A.    WAVE HAS IMPROPERLY APPEALED AN INTERLOCUTORY ORDER. ....................................47

B.    WAVE'S JURISDICTIONAL STATEMENT IS PROCEDURALLY DEFICIENT. ....................................49

CONCLUSION ....................................................................................51

CERTIFICATE OF COMPLIANCE F.R.A.P. 32(A) ....................................52

# TABLE OF AUTHORITIES

**Page**

**Cases**

Advanced Processor Technologies LLC v. Atmel Corp.,
 2:12-CV-152-JRG-RSP, 2013 WL 1279053 (E.D. Tex. March 26,
 2013) ..................................................................................................28

Baez-Sanchez v. Sessions III,
 862 F.3d 638 (7th Cir. 2017) ..............................................................50

In re. Barnes & Noble, Inc.,
 743 F.3d 1381 (Fed. Cir. 2014) ..........................................................28

Carey v. Bayerische Hypo-Und Vereinsbank AG,
 370 F.3d 234 (2d Cir. 2004) ...............................................................13

Iragorri v. United Techs. Corp.,
 274 F.3d 65 (2d Cir. 2001) (en banc) .................................................29

Itar-Tass Russian News Agency v. Russian Kurier, Inc.,
 153 F.3d 82 (2d Cir. 1998) ...........................................18, 19, 25, 26

Kahn v. Chase Manhattan Bank, N.A.,
 91 F.3d 385 (2d Cir. 1996) .................................................................49

Lanham v. Mansfield,
 400 Fed. Appx. 609 (2d Cir. 2010).....................................................33

Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n,
 533 F.3d 98 (2d Cir. 2008) .................................................................33

Masa LLC v. Apple Inc.,
 No. 4:15-CV-00889-AGF, 2016 WL 629263 (E.D. Mo. Feb. 17,
 2016) ....................................................................................................28

Maska U.S., Inc. v. Kansa Gen. Ins. Co.,
 198 F.3d 74 (2d Cir. 1999) .................................................................34

Micro Design LLC v. Asus Computer Int'l,
 No. 14-837-LPS-CJB, 2015 WL 2089770 (D. Del. May 1, 2015)....................28

iii

# TABLE OF AUTHORITIES

**Page**

Nun v. Teletronics Pacing Sys., Inc.,
   93 CIV. 5434, 1994 WL 361488 (S.D.N.Y. July 11, 1994) ...............................23

Offley v. Activision, Inc.,
   273 Fed. Appx. 610 (9th Cir. 2008) ....................................................................50

Palacios v. The Coca-Cola Co.,
   757 F. Supp. 2d 347 (S.D.N.Y. 2010) ....................................................36, 39, 45

Perry v. New York Dep't of Labor,
   398 Fed. Appx. 628 (2d Cir. 2010) .....................................................................34

Piper Aircraft Co. v. Reyno,
   454 U.S. 235, 102 S. Ct. 252, 70 L. Ed.2d 419 (1981) ......................................21

RIGroup LLC v. Trefonisco Mgmt. Ltd.,
   949 F. Supp.2d 546 (S.D.N.Y. 2013) ..........................................................*passim*

Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.,
   No. 13-CV-9239 (CS), 2017 WL 972117 (S.D.N.Y. Mar. 10,
   2017) ............................................................................................................*passim*

The Wave Studio, LLC v. Groupon, Inc.,
   17-cv-03589-CS (filed May 12, 2017) ...............................................................11

Wiwa v. Royal Dutch Petroleum Co.,
   226 F.3d 88 (2d Cir. 2000) ...........................................................................28, 29

Wyndham Associates v. Bintliff,
   398 F.2d 614 (2d Cir. 1968) .........................................................................19, 49

# TABLE OF AUTHORITIES

**Page**

**Statutes**

15 U.S.C. §§ 101 .................................................................................25

17 U.S.C. § 201(a) ..............................................................................25

17 U.S.C. § 504(a-b) ...........................................................................24

17 U.S.C. § 504(c) ..............................................................................24

17 U.S.C. § 505 ...................................................................................24

28 U.S.C. § 1291 ..........................................................................47, 50

28 U.S.C. § 1292 .................................................................................49

S. Cop. Act ...................................................................................24, 25

S. Cop. Act. Pt. V ...............................................................................30


**Other Authorities**

Federal Rule of Appellate Procedure 26.1 ...........................................1

Federal Rule of Appellate Procedure 28.......................................49, 50

Federal Rule of Civil Procedure Rule 54........................................47, 49

## JURISDICTIONAL STATEMENT

GHM objects to Appellant The Wave Studio LLC's ("Wave") jurisdictional statement as it is both procedurally incomplete and incorrect. (Brief of Plaintiff-Appellant at 1 (hereinafter "Wave's Brief")). This Court does not have jurisdiction to hear this appeal, which is from an interlocutory order, and, as a result, Wave's appeal must be dismissed. A detailed discussion of Wave's deficient jurisdictional statement and the interlocutory nature of this appeal is set forth in Argument, Point III below.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Appellant Wave has presented this Court with a seven-part Statement of the Issues Presented For Review described over four pages of its Brief. (Wave's Brief at 2-6). However, the issue before the Court is actually rather narrow because the parties and the District Court all agree that the test for whether a matter may be dismissed pursuant to the doctrine of _forum non conveniens_ is as set forth in many reported decisions by this Court and other federal courts. Specifically, that test requires an analysis of three issues:

> At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

RIGroup LLC v. Trefonisco Mgmt. Ltd., 949 F. Supp.2d 546, 551 (S.D.N.Y. 2013) (quoting Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146, 153 (2d Cir. 2005)); see also Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd., No. 13-CV-9239 (CS), 2017 WL 972117, at *5 (S.D.N.Y. Mar. 10, 2017)[1]; SPA9; Wave's Brief at 17.

As a result, the sole issue before the Court is whether the District Court abused its discretion in determining that the threshold issue, essentially a copyright ownership dispute, should be dismissed on forum non conveniens grounds where, as here, among other infirmities (a) none of the parties to the relevant threshold issue are located in the United States, (b) many, if not all, of the witnesses for the relevant threshold issue are either in Singapore, or in locations near to it, (c) all of the evidence is outside of the United States, much of it in Singapore, (d) Singaporean law is needed to resolve the threshold issue of copyright ownership (and Wave's standing to bring an infringement claim in the first instance), (e) the

---

[1] This is a citation to the District Court's March 10, 2017 Opinion and Order (the "Decision"), which is the subject matter of this appeal. For the convenience of the Court, GHM will cite to both the Westlaw version of the Decision as well as the version of the Decision set forth in the Record on Appeal at SPA1.

2

underlying copyrightable material is photographs of hotels, all but two of which are located outside of the United States, (f) Wave's sole connection to the New York forum is that its former counsel maintained an office there, (g) Wave has no operations or employees in the United States and is a corporation created solely to prosecute the action, (h) Wave admitted that Singapore's legal system is fully capable of adjudicating the issue of whether Wave (or its principal or predecessors) holds the copyrights it may seek to enforce, (i) Wave admitted that the New York forum was not convenient, and (j) the District Court preserved and protected Wave's copyright infringement claims by severing and staying them until Wave is able to demonstrate copyright ownership in Singapore.

The answer to this question is no because there was no abuse of discretion, and as a result, Wave's appeal must be denied.

## STATEMENT OF THE CASE

The underlying dispute is a lawsuit alleging copyright infringement of photographic works supposedly owned by The Wave Studio, LLC that were allegedly taken by its principal, Lee Kar Yin (aka Jr. Lee, hereinafter "Ms. Lee.") and/or one of four separate entities (of which Ms. Lee was also the principal) that were or are organized under the laws of Singapore and were or are headquartered in Singapore (hereinafter the "Singapore Wave Entities"). The following

Statement of the Case will be limited to facts and procedural history relevant to the narrow ruling presented for review.[2]

## A.  **Factual Background**

### 1.  **Wave's Organizational Structure And Minimal Ties To The United States And The State Of New York.**

Wave is a New York limited liability company that was created within the state for the purposes of enforcing the allegedly infringed copyrights in this case, and to serve as a holding company for said copyrights.  (A1349; A1375-1387 at ¶¶ 12, 58; A2193-2218 at ¶¶ 12, 58).  Specifically, Wave exists solely for the purpose of bringing this action.  Wave's owner, founder, Chief Executive Officer, sole member, and the sole person associated with Wave, Ms. Lee, is a Malaysian citizen who resides full time in Singapore.  (A1011-1015 at Ex. T (A1305 at ¶¶ 1, 4); A1308 at ¶ 1; A1388 at ¶ 1).  Ms. Lee is (or was) the principal of the Singapore Wave Entities, which includes four separate entities that were organized under the laws of Singapore that are (or were, prior to their dissolution) located in Singapore.  (A1309 at ¶ 3; A1389 at ¶ 3).

---

[2]  GHM's decision not to address any specific factual claims included in Wave's Statement of Facts that are not relevant to the narrow issue before the Court (such as, by way of example only, statements made within sections entitled "The Relevant Contractual Documents" and "GHM's and other Defendants' infringement of Appellant's copyrights") is not a concession by GHM that such statements are accurate or that they are supported by the record before this Court or elsewhere.

Wave does not have any employees that conduct business full time in the United States and does not have any employees that reside in the United States. (A1091 at Adm. Resp. Nos. 208-209). Wave has admitted that it does not own or lease any office space in the United States. (A1092 at Adm. Resp. No. 210). Similarly, none of the Singapore Wave Entities have any employees that conduct business full time or reside in the United States, and none of the Singapore Wave Entities own or lease any office space in the United States. (A1092 at Adm. Resp. Nos. 211-213).

**2. GHM's Organizational Structure And Minimal Ties To The United States And The State of New York.**

GHM is organized under the laws of the British Virgin Islands and has its principal place of business and its headquarters in Singapore. (A1310 at ¶ 15; A1391 at ¶ 15). GHM does not currently manage any hotels based in the United States. (A2194 at ¶ 4). GHM has no employees in the United States, though admittedly contracts with sales representation offices in the United States, one of which is located in New York. (A2009 at ¶ 5). This sales representation office only promotes GHM and the hotels it manages at trade shows and does not have any authority to confirm reservations on behalf of any hotels managed by GHM. (A1009 at ¶¶ 5-6).

### 3. The Allegedly Infringed Photographs And Their Lack Of Ties To The United States And The State of New York.

Ms. Lee alleges that she (or one of the Singapore Wave Entities for which she is or was the principal) were commissioned by GHM, on behalf of the luxury hotels it manages (or managed at the time), to take photographs of the hotels for the purposes of advertising and promoting the properties. (A846 at ¶ 73). Ms. Lee and the Singapore Wave Entities commonly utilized the services of a photographer, Masano Kawana (hereinafter "Mr. Kawana), to assist with taking the aforementioned photographs. (A1312 at ¶¶ 28-29; A1394 at ¶¶ 28-29). Mr. Kawana is a citizen of Japan and conducts business through Irieeyes, Ltd., an entity organized under the laws of Singapore and with a business address in Singapore. (A2140-2141; A2144-2145).

None of the photographs alleged to be infringed in this litigation were taken in the State of New York. (A1315 at ¶ 47; A1403 at ¶ 47). Instead, the photographs were taken in Italy, India, Oman, Vietnam, Thailand, Malaysia, Indonesia, Taiwan, Singapore, the Bahamas, Florida and California. Id. Neither Ms. Lee nor any of the Singapore Wave Entities have ever provided goods or services at the direction of GHM in the State of New York, and GHM never paid Ms. Lee or any of the Singapore Wave Entities for any goods or services which were rendered in the State of New York. (A1092-1093 at Adm. Resp. Nos. 214-217).

6

At some point after Ms. Lee and the Singapore Wave Entities stopped doing work for GHM, Ms. Lee, through the Singapore Wave Entities, sued GHM **in Singapore** for alleged unpaid invoices. (A846 at ¶74). During the time that the Singapore case was being litigated (and ultimately settled), the Singapore Wave Entities obtained seventeen copyright registrations from the United States Copyright Office. (A846-847 at ¶¶ 74, 77).[3] At the time they were filed, each of the registrations listed one of the Singapore Wave Entities as the copyright claimant and author. (A1311 at ¶ 17; A1391 at ¶ 17). None of the authors of any of the photographs alleged to be infringed are citizens of the United States, and none of the photographs alleged to be infringed were first published in the United States. (A1022 at Adm. Resp. Nos. 1, 3). All of the photographs in each of these registrations were first published in Singapore and each registration claims Singapore as the nation of first publication for all photographs. (A1022 at Adm. Res. No. 2; A1311 at ¶¶ 18-19; A1392 at ¶¶ 18-19). Singapore is the country of origin of all of the photographs. (A1022 at Adm. Resp. No. 4; A1311 at ¶ 20; A1392 at ¶ 20).

---

[3] In its Motion for Summary Judgment, GHM raised various challenges to the validity said copyright registrations and to Wave's alleged ownership of same. None of these challenges are relevant to the underlying decision on appeal, and, as such, they will not be discussed in detail. Any claims in Wave's appeal brief or its reply alleging Wave's ownership in valid copyrights in and to the allegedly infringed photographs are not conceded.

Ms. Lee and the Singapore Wave Entities then formed Plaintiff/Appellant Wave (using the office of its former lawyer in the instant litigation "as an address") and instituted this lawsuit (A1391 at ¶ 14). Apart from that (and as discussed in further detail above), Wave does not lease or own office space in the United States and does not have and has not had any employees that reside in the United States, much less New York. (A1309 at ¶ 14; A1310 at ¶ 13; A1391 at ¶¶ 13-14). The only potential "business" that any Wave employee is involved in that takes place in the United States is "enforcing its intellectual property," which Ms. Lee, who resides in Singapore, according to Wave, "has been involved with." (A1310 at ¶ 12; A1391 at ¶ 12). In fact, Ms. Lee, on behalf of Wave, admitted, under penalty of perjury, that the New York forum was not convenient when Wave was attempting to have a related matter heard in California (the location of its present attorney) in an apparent attempt to sidestep the stay in the Southern District of New York. (A1011-1015 at Ex. T (A1304-1307)).

## B.  **Procedural History**

Wave first initiated this lawsuit on December 31, 2013. (A56-110). On April 23, 2014, Wave filed its First Amended Complaint, now the operative pleading in this lawsuit, which named fifty-eight other individuals or entities, in addition to Defendant/Appellee GHM, as defendants. (A828-866). GHM filed its Answer and Affirmative Defenses to the First Amended Complaint on June 18,

8

2014. (A867-886). In its answer, GHM immediately raised the defense of <u>forum</u> <u>non</u> <u>conveniens</u>, arguing that "the venue for these proceedings was improper and/or another venue, such as Singapore, would be better suited for this case." (A885). Shortly after formally appearing in this matter, current counsel for GHM sent a letter to Wave's then-counsel re-asserting this affirmative defense and advising him that Wave's claims were inappropriately filed in the Southern District of New York and that GHM intended to move for dismissal on the grounds of <u>forum</u> <u>non</u> <u>conveniens</u> (among others). (A2185-2191). After Wave appointed new counsel in this proceeding, counsel for GHM emailed said counsel and asked him to confirm that he reviewed this letter and offered to provide a courtesy copy of the same if not. (A2192).

On July 3, 2014, the District Court ordered that the suit be stayed as to the additional fifty-eight defendants so that GHM and Wave could take discovery as to the preliminary threshold issue – whether GHM had a right to use and distribute the allegedly infringing photographs as it saw fit. (A887; <u>Wave Studio,</u> 2017 WL 972117 at *8; SPA6). Wave explicitly consented to the bifurcation of the case in this manner. <u>Id</u>. In the District Court's Order bifurcating the matter, and staying the claims against the Defendants other than GHM, the District Court noted Wave's consent:

> For the reasons set forth on the record at the conference held July 2, 2014, **and on consent of the parties**, this

9

> case is stayed as to all Defendants with the exception of
> Defendant [GHM].

(A887) (emphasis added).

Following the entry of that order, and despite consenting to the stay of the case as to all Defendants apart from GHM, Wave filed eight nearly identical lawsuits in the Northern District of California, naming twenty-one additional defendants. (A1309 at ¶ 6; A1389-1390 at ¶ 6). In opposing the transfer of one of the Northern District of California cases to the Southern District of New York, Ms. Lee (on behalf of Wave) declared, under penalty of perjury, that because she resides full time in Singapore, travel to New York was expensive and inconvenient (when compared to travel to San Francisco). (A1011-1015 at Ex. T (A1304-1307 at ¶ 4)). Ms. Lee also declared, under penalty of perjury, that at least one former employee of the Singapore Wave Entities and a former freelance digital artist of the Singapore Wave Entities, both of whom may have been witnesses in at least that Northern District of California case, reside in Singapore. (A1011-1015 at Ex. T (A1304-1307 at ¶¶ 5-6). All of those cases were ultimately transferred to the Southern District of New York. Aside from one of those lawsuits that evidently settled, all of those cases were consolidated with the underlying proceeding, and

the stay in the underlying case is now applicable to the Defendants from all but the case that settled. (A1309-1310 at ¶¶ 7-8; A1389-1390 at ¶¶ 7-8).[4]

GHM moved for summary judgment and dismissal of the case on a number of grounds following the close of the initial discovery period as to the threshold issue, including that: (1) Singapore law applies to determine the ownership of the works alleged to be infringed; (2) under Singapore law, Wave is not the owner of any of the photographs and thus does not have standing to assert its claims against GHM or any other defendant; (3) the Southern District of New York is not the proper forum for the suit; (4) Wave lacks personal jurisdiction over GHM and the hotels it manages are indispensable parties to the litigation; (5) even if Wave were the rightful owner of the photographs, GHM and its managed hotels had an implied license to use and distribute the photographs; and (6) even if United States law applied to determine ownership of the photographs, there are fatal errors in Wave's chain of title for over half of the copyright registrations claimed in this case, and it is not the proper owner of at least those registrations. (A888-936). Wave cross-moved for summary judgment on two grounds: (1) that it is the rightful owner of the copyrights in the allegedly infringed photographs; and (2) that it has standing to bring its underlying claim (A1326-1327; A1328-1374).

---

[4] In fact, following the District Court's Decision and Wave's appeal of the same, Wave filed yet another nearly identical lawsuit which has also been consolidated and stayed with the instant action. See The Wave Studio, LLC v. Groupon, Inc., 17-cv-03589-CS (filed May 12, 2017).

The cross-motions for summary judgment (and, in GHM's case, to dismiss) were fully briefed and filed with the District Court on May 6, 2016. On March 10, 2017, the District Court issued the Decision as to only the <u>forum</u> <u>non</u> <u>conveniens</u> issue. (<u>Wave Studio,</u> 2017 WL 972117; SPA1-22). The District Court did not address the majority of the issues raised by the parties, instead dismissing Wave's claims against GHM on the grounds of <u>forum</u> <u>non</u> <u>conveniens</u>, finding Singapore to be an adequate alternative forum and severing Wave's claims against the remaining Defendants, and continuing the stay as to the remaining Defendants pending the resolution of Plaintiff's case against GHM in Singapore. <u>Id.</u> The District Court also required that both Wave and GHM submit status reports every three months following the dismissal. (<u>Wave Studio,</u> 2017 WL 972117 at *11; SPA22). Wave has appealed this decision. (A2390).

## STANDARD OF REVIEW

Wave concedes, as it must, that this Court's review of the District Court's Decision and accompanying dismissal of this action based upon the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> is limited to the abuse of discretion standard. (Wave's Brief at 16). In other words, the District Court's Decision must be affirmed unless this Court finds that the District Court abused the broad discretion given to district courts when asked to address a <u>forum</u> <u>non</u> <u>conveniens</u> defense. As a result, "[w]here the district court has 'considered all relevant public and private interest

12

factors, and where its balancing of these factors is reasonable, <u>its decision deserves substantial deference.</u>'"  <u>Carey v. Bayerische Hypo-Und Vereinsbank AG</u>, 370 F.3d 234, 237 (2d Cir. 2004) (citing <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 257, 102 S. Ct. 252, 70 L. Ed.2d 419 (1981) (emphasis added).  As Wave concedes, the Decision below may only be overturned if "(1) its decision rests on an error of law … or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or clearly erroneous factual finding – cannot be located within the range of permissible decisions."  (Wave's Brief at 16) (citing <u>DiRenzio v. Philip Servs. Corp.</u>, 294 F.3d 21, 27 (2d Cir. 2002)).

Here, Wave does not contest any of the District Court's factual findings; rather, Wave contests solely the proper application of well-settled law.  As a result, the Appeal should be denied.

## SUMMARY OF THE ARGUMENT

This appeal presents one narrow issue – what is the proper forum to decide the threshold issue – GHM's and Wave's respective rights in the allegedly infringed photographs – to be heard.  In a blatant effort at forum shopping, Wave selected the United States District Court for the Southern District of New York to bring its copyright infringement suit.  It did so because Wave believed that an American court, particularly one in New York, would give Wave a better result.

However, none of the parties as to the threshold issue are based here or have any connection to New York. Wave is merely a holding company that exists solely to prosecute this action; it could have been incorporated in any state (a fact noted by the District Court). Wave's principal is a woman who is a citizen of Malaysia domiciled in Singapore; GHM is based in Singapore and does not currently own or operate any hotels in the United States – and has only ever previously operated hotels in Florida and California. Perhaps more importantly, none of the intellectual property at issue – photographs of hotels or properties currently or formerly affiliated with GHM – is actually related to any property in New York. Rather, the photographs are of a wide range of properties currently or formerly affiliated with GHM, which are or were located primarily in Asia (India, Vietnam, Thailand, Malaysia, Indonesia, Taiwan and Singapore). The only properties outside of Asia which are the subject of any of the allegedly infringed photographs are or were located in Italy, the Bahamas, Florida and California. Similarly, the photographer who actually took the photographs – who was not an employee of Wave – conducts his business in Singapore and is a Japanese citizen.

The sole connection to the United States is that Wave filed defective copyright registrations for the photographs with the United States Copyright Office in Washington, D.C. It is well-settled that the mere filing of copyright registrations does not confer ownership. It was for all these reasons that the United

14

States District Court for the Southern District of New York dismissed the threshold issue portion of this action based upon the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> and directed Wave to file an action in Singapore, which has a well-regarded civil judicial system and which is fully capable of adjudicating this dispute.  District courts have broad discretion to dismiss actions based upon the <u>forum</u> <u>non</u> <u>conveniens</u> doctrine and there is no reason to disturb this sound result.  Consequently, Wave's appeal should be denied and the parties directed to resolve the copyright ownership portion of this dispute in Singapore.

Of course, in the time since the District Court's Decision, Wave has done nothing to initiate an action in Singapore and instead filed this appeal.  The reason for this is patently obvious; Wave knows that the statutory damages provision of American copyright law and Singapore's less favorable interpretation of the so-called work-for-hire doctrine will weaken its position.  However, a party may not choose to bring an action in an American forum merely because that forum may supply a more favorable substantive body of law or the potential for a higher recovery.  Rather, there must be a connection to the American court.  By moving for dismissal on <u>forum</u> <u>non</u> <u>conveniens</u> and responding to Wave's appeal, GHM is not forum shopping, but instead is merely seeking to have this matter heard in the Court where it belongs.  There is simply no relationship between the dispute at issue here, or the parties involved in that dispute, and Wave's preferred New York

forum. As a result, the District Court's March 10, 2017 Opinion and Order (defined above as the "Decision") should be affirmed and Wave's action against GHM should remain dismissed.

## ARGUMENT

## POINT I

## THE DISTRICT COURT PROPERLY SEVERED AND STAYED THE RELATED INFRINGEMENT ACTIONS AGAINST OTHER DEFENDANTS

Inherent within every element of Wave's Brief is the notion that American courts and American law are needed to resolve the actual claims for infringement in the event that Wave prevails on the threshold issue that it owns the copyright for the photographs at issue. Along these same lines, Wave also apparently claims that the decision to sever and stay those claims was somehow improper. In so doing, Wave is attempting to mislead this Court about the procedural history of this action, what will be resolved in Singapore, and what will need to be resolved in the United States if Wave prevails in Singapore and a Singaporean court determines that Wave holds a valid copyright for the photographs at issue. As the District Court's Decision makes clear, the sole claim dismissed relates to an adjudication of GHM's rights to use and distribute the allegedly infringed photographs, its challenge to Wave's claim of ownership of the copyright in those photographs and, as a result, Wave's standing (referred to herein as the "threshold issue"). The claims for infringement against other defendants (which claims are presently

16

stayed) will not be resolved in Singapore; rather, those claims will be resolved in New York if Wave prevails on its threshold copyright ownership claim in Singapore and establishes its standing to sue for infringement (subject to the defenses the stayed defendants and GHM may have with respect to the infringement claims).

As the District Court found, the concept that the threshold issue of copyright ownership would be resolved first was a procedure <u>consented to by Wave</u>:

> Soon after the [Amended Complaint] was filed, GHM suggested that the Court stay the case as to all Defendants except GHM, and that Plaintiff and GHM first litigate the issue of GHM's right to use and disseminate the photographs. … Its theory was that a finding that GHM had such a right would be case-dispositive as to it and the vast majority of the other Defendants, who allegedly received the photographs from GHM. … **Plaintiff consented**, … and the Court stayed the case as to all Defendants except GHM, (Doc. 67). Plaintiff and GHM have each moved for summary judgment.

2017 WL 972117 at *8 (SPA-6) (emphasis added).   Thus, Wave has always known, <u>and indeed consented to</u>, a procedure whereby its ownership, or, at a minimum, GHM's rights to use and disseminate the photographs, will be determined first, with its infringement actions being resolved only after the threshold issue is resolved.   Thus, once the District Court determined that the threshold issue had to be heard in Singapore, it preserved all of Wave's

infringement claims – which involve different witnesses, different evidence and different legal questions – by severing them and staying them in the Decision:

> In this case, severance is in the interest of judicial economy. **All parties agreed to a stay of Plaintiff's claims against all Defendants but GHM, recognizing that whether or not GHM infringed any of Plaintiff's alleged copyrights will inform the resolution of Plaintiff's claims against the other Defendants who allegedly received Plaintiff's photographs from GHM.** That issue can, for the reasons discussed earlier, be resolved more appropriately and less expensively in Singapore. Further, to the extent it is resolved in Plaintiff's favor, the remaining claims will involve different witnesses and documents.

2017 WL 972117 at *10 (SPA21) (emphasis added). This is not error; it is a generous effort to protect Wave's rights in the unlikely event it prevails in Singapore on its claim of copyright ownership. Severance of Wave's claims against the other Defendants also preserves Wave's filing date against those Defendants, and thus moots Wave's statute of limitations concerns (discussed in further detail below), for seventy-eight of the seventy-nine Defendants in this proceeding. As a result, the District Court's Decision should be affirmed.

This approach is neither novel nor unexpected. In the leading Second Circuit decision in this field, this Court held in Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82 (2d Cir. 1998) that to determine whether a claimant actually held the copyright on a work, the laws of the country of origin apply because "copyright is a form of property" and under the Second

18

Restatement's approach, the governing law is "determined by the law of the state with 'the most significant relationship' to the property and to the parties." Id. at 90 However, to decide whether a copyright infringement had occurred and for possible remedies, the laws of the country where the infringement took place applied. Id. at 91. Here, the District Court properly determined that Singapore law most likely applied to the threshold issue of who controls the right to use the photographs. Thus, because there was no connection to New York or the United States as to that issue, the doctrine of forum non conveniens required dismissal of the infringement portion of the action so that a determination could be made on the issue of copyright ownership in the proper forum – Singapore. However, the District Court severed the infringement claims and stayed them until the Singapore Court resolved the threshold issue of who controls the use of the copyright, an approach clearly contemplated by this Circuit in Itar Tass Russian News Agency. Once that issue is resolved, assuming it prevails, Wave will be free to litigate its infringement claims in New York, subject to whatever defenses as to those claims the stayed defendants and GHM may have.

Appellant's reliance upon the almost fifty year old decision in Wyndham Associates v. Bintliff, 398 F.2d 614 (2d Cir. 1968) is misplaced. The District Court's application of this Court's holding in Wyndham Associates was proper because the severed claim and the claim to be transferred are different. In the

matter before the Court, the claims that were severed from the threshold copyright ownership issue involve wholly different witnesses and a different substantive body of law. Specifically, as set forth above, pursuant to this Court's jurisprudence in <u>Itar Tass Russian News Agency</u>, the severed claims will be resolved under the law where the infringement took place; the threshold copyright ownership claim will be decided under Singaporean law because that is the jurisdiction with the closest connection to the property right at issue. In addition, the severed and stayed infringement claims will require witnesses who created or utilized infringing websites (where the photographs were used), market hotel properties or are experts in the value of photographs. None of those witnesses will be needed for the threshold issue to be determined in Singapore.

As a result, the District Court properly severed and stayed the infringement claims pending resolution of the issue of who controls the right to use the copyrighted photographs.

## POINT II

## THE FORUM NON CONVENIENS DOCTRINE
## REQUIRES DISMISSAL OF THIS ACTION.

The District Court properly dismissed this action based upon the doctrine of forum non conveniens. The dismissed action, which relates solely to the threshold issue of Wave's and GHM's rights in and to the photographs at issue, has absolutely no connection to New York and instead should be litigated in Singapore. The judicial test for whether a case should be dismissed for forum non conveniens is well-established in the Second Circuit:

> At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

RIGroup LLC v. Trefonisco Mgmt. Ltd., 949 F. Supp. 2d 546, 551 (S.D.N.Y. 2013) (quoting Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146, 153 (2d Cir. 2005)); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 238, 102 S. Ct. 252, 257, 70 L. Ed. 2d 419 (1981) (applying same to affirm district court's dismissal). Each of the three steps overwhelmingly favors dismissal of the action by this Court. As a result, the District Court's Decision should be affirmed. See 2017 WL 972117 at *5 (SPA9).

21

A.   **Wave's Selection Of The New York Forum Is Not Entitled To Any Deference.**

In step one, the degree of deference accorded to the plaintiff's choice of forum "moves on a sliding scale depending on several relevant considerations." Id. (quoting Iragorri v. United Techs. Corp., 274 F.3d 65, 71 (2d Cir. 2001) (en banc)).  The plaintiff's choice is given more deference "the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States."  Id. (quoting Iragorri, 274 F.3d at 72). The plaintiff's choice is given less deference "the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons."  Id. (quoting Iragorri, 274 F.3d at 72).  Notably, "shell companies are not entitled to the full measure of 'home forum' deference."   Id. at 552 (citation omitted). Additionally, "courts have held that the deference to an American citizen or resident plaintiff's choice of forum is significantly diminished where the lawsuit arises from business that the plaintiff conducted abroad."  Id.

In this case, Wave's selection of the Southern District of New York as its forum is entitled to no deference.  Wave "exists" in New York only on paper.  It does not have any employees who conduct business in the United States, much less in New York.  It does not own or lease any office space in the United States, much less in New York.  It conducts no business whatsoever in New York.  (A1310 at ¶¶

22

12-14; A1091-1092 at Adm. Resp. Nos. 208-210).  Rather, Wave is merely a sham entity created at the same address as its original attorney to forum shop for Wave's original lawyer's convenience and, likely, to avail Wave of certain favorable elements of American law that, in Wave's view, make the Southern District of New York more amenable to Wave's claims than Singapore.

However, a plaintiff's lawyer's location is not a basis for venue.  Nun v. Teletronics Pacing Sys., Inc., 93 CIV. 5434, 1994 WL 361488, at *2 (S.D.N.Y. July 11, 1994) ("Plaintiff has failed to advance any reason for litigating this case in the Southern District of New York other than that his attorneys are located here, a factor that, considered alone, carries little weight.").  And, ironically, Wave's current attorney is located in California.  Notably, at one point Wave even claimed New York was an inconvenient forum when attempting to avoid the transfer of a case brought in California (her current lawyer's location) in a failed attempt to circumvent the Southern District of New York's stay in this matter.  The only "business" Wave has ever conducted in New York is filing this lawsuit (and one other nearly identical lawsuit in yet another attempt to circumvent the stay in the instant proceeding).  As a shell company, Wave has no bona fide connection to New York.  Furthermore, the business Wave conducted that gave rise to this lawsuit – photographic services for foreign hotels under the supervision of a

23

foreign hotel management company – occurred abroad.  None of the photographs were taken in New York.

In addition, the forum shopping at issue here is blatant.  Both Singapore and the United States allow for the recovery of statutory damages (rather than requiring a copyright owner to prove actual damages and profits) in copyright infringement cases under certain circumstances.  S. Cop. Act s 119(2); 17 U.S.C. § 504(a-b).  However, in Singapore, statutory damages are limited to S$10,000 for each work and S$200,000 in the aggregate.  S. Cop. Act s 119(2).[5]  In the United States, statutory damages range from US$750 to US$150,000 per infringement per work, but have no aggregate limitation.  17 U.S.C. § 504(c).  While the prevailing party in a copyright infringement dispute may, under the right circumstances and in the discretion of the relevant court, recover attorney's fees and/or related litigation costs in both Singapore and the United States, the substantive differences between the laws in each jurisdiction (discussed in detail below) make it less likely that Wave would be the prevailing party in Singapore, and thus, less likely that it could recover any portion of its fees.  See 17 U.S.C. § 505; Supreme Court Singapore, Costs Orders, https://www.supremecourt.gov.sg/rules/court-processes/civil-proceedings/post-trial-matters/cost-orders (last visited Oct. 16, 2017).

---

[5] As of October 11, 2017, this equaled approximately US$7,385 for a single work and US$147,700 in the aggregate (in accordance with the Google® Currency Conversion tool available at https://finance.google.com/finance/converter).

Substantively, under both United States and Singapore law, the general rule is that the author or creator of a work of authorship is the owner of the copyright. S. Cop. Act s 30(2); 17 U.S.C. § 201(a). Where, as here, a person or business is hired to create a photographic work for another, however, one important exception to that general rule differs between the jurisdictions. In the United States, a "work made for hire" is owned by the employer or other person for whom the work was prepared, but "work made for hire" is a very limited, expressly defined, term – requiring either that the work be prepared by an employee within the scope of his or her employment, or an express written instrument that indicates that the work shall be considered a work for hire. 15 U.S.C. §§ 101; 201(b). In stark contrast, the work for hire doctrine (with respect to photographs) is much more favorable to the hiring party in Singapore. In Singapore, the ownership of a copyright in commissioned photographs automatically vests in the commissioning party as a default, subject to limited exceptions. S. Cop. Act. s 30(5).[6] Thus, Wave seeks to avail itself of the more favorable elements of American law and avoid the comparatively unfavorable Singaporean law. This is sort of forum shopping cannot be countenanced.[7]

---

[6] See also A937-970 at ¶¶ 11-14.

[7] GHM cannot be accused of forum shopping. This threshold issue has no connection to the United States and, pursuant to the Second Circuit's holding in Itar-Tass Russian News Agency, 153 F.3d at 91, Singaporean law will apply. Wave is apparently hoping that an American court would apply U.S. law, but if

Nevertheless, because this matter has no connection to the United States, there is no basis for American law to be applied or for the dispute as to rights in the photographs to be adjudicated in an American court (which, if decided in GHM's favor, would render the remainder of Wave's claims against GHM and all other defendants moot). In addition, even if an American court did address this issue, it would be required to employ Singaporean law. <u>Itar-Tass Russian News Agency</u>, 153 F.3d at 90-91. And, as set forth below, the District Court should not be burdened with the obligation to interpret foreign law, especially where the foreign jurisdiction is fully capable of resolving the dispute.

As the District Court explained in detail, there is no connection between the parties or the dispute:

> Plaintiff's principal, Ms. Lee, is a Malaysian citizen domiciled in Singapore, …, the Wave Entities are or were organized under the laws of Singapore, …, GHM has its principal place of business in Singapore, … and the arrangements among them were no doubt centered there. Plaintiff has never had any employees that reside in the United States or leased or owned any office space here. … Mr. Kawana, who worked for the Wave Entities in connection with the photographs created for GHM, is a citizen of Japan apparently based in Singapore. … None of the photographs that Plaintiff asserts have been infringed in this action were taken in New York, … and they were all first published in Singapore …. Plaintiff's only connection to New York is that it is organized under New York law, and it is obvious that is the case only

---

this appeal is granted, the District Court should still apply Singaporean law as to ownership of the allegedly infringed photographs. <u>Id.</u>

> because the American attorney Ms. Lee originally hired
> to form Plaintiff and bring these lawsuits happened to
> have his office in White Plains…. <u>I have no doubt that
> had Ms. Lee retained an attorney in Bismarck or
> Nashville, Plaintiff would have been organized under the
> laws of and brought suit in North Dakota or Tennessee.</u>

See 2017 WL 972117 at *6 (SPA12) (emphasis added). As a result, the District

Court properly held that Wave's selection of the New York forum was not entitled

to any deference:

> Plaintiff does not deny its lack of connections to New
> York, and there is at least an element of forum shopping
> in its decision to file suit in this Court. Plaintiff is
> admittedly a "holding company formed under New York
> law prior to the onset of this case and located within this
> District for the purpose of enforcing the copyrights" to
> the photographs at issue in this case. …. Although
> Plaintiff was formed under New York law, its sole
> member is Ms. Lee, the real party in interest, who is a
> foreigner. …. She testified at her deposition that Plaintiff
> was formed in New York because "the justice system in
> [the] United States of America is one of the best to
> protect the creative works of Wave." ….<u>Given the
> absence of meaningful connections between Plaintiff and
> the Southern District of New York, and the evidence
> suggesting forum shopping, Plaintiff's choice of forum is
> entitled to little deference.</u>

See 2017 WL 972117 at *6 (SPA12-13) (emphasis added).[8] There is no basis to

overturn this fact-based holding by the District Court. See RIGroup LLC, 949 F.

---

[8] Ms. Lee also testified at her deposition that, in her opinion, the United States "has
the best system, where every single work has a name," and that "the legal system,
protects the work of the - - the creative work of artists." (A2050-2053 at 18:23-
21:25).

Supp. 2d at 552–53 (giving little deference to plaintiff's choice of forum where one plaintiff was merely a holding company, there was no evidence that plaintiffs conducted business in the United States, and there was evidence of forum-shopping).[9]

Furthermore, Wave's reliance on Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 101 (2d Cir. 2000) for the proposition that the District Court did not accord proper deference to its choice of forum is inappropriate. (Wave's Brief at 22-24). The Second Circuit in Wiwa explicitly acknowledges that the deference to

---

[9] The cases cited in Wave's Brief to attempt to support its claim that Wave's choice of forum was not granted sufficient deference do no support Wave's position, and do not bind this Court. See, e.g., Masa LLC v. Apple Inc., No. 4:15-CV-00889-AGF, 2016 WL 629263 (E.D. Mo. Feb. 17, 2016) (relating to a limited liability company with a principal place of business in the state where two of three inventors resided and where patent was developed); Micro Design LLC v. Asus Computer Int'l, No. 14-837-LPS-CJB, 2015 WL 2089770 at *5 (D. Del. May 1, 2015) (defendant failed to demonstrate that plaintiff's status as an entity with in district was anything other than a legitimate business decision, but noting that "[i]n some cases, the circumstances surrounding a plaintiff's incorporation, viewed in the context of the entire record, might help demonstrate an improper attempt to manipulate venue"); In re. Barnes & Noble, Inc., 743 F.3d 1381, 1383-84 (Fed. Cir. 2014) (where plaintiff's founder and named inventor lived in district and ran the company from district, holding that 'compelling considerations favor both parties' positions, making it difficult to say that the district court would have abused its discretion had he picked either location as the more appropriate forum'"); Advanced Processor Technologies LLC v. Atmel Corp., 2:12-CV-152-JRG-RSP, 2013 WL 1279053 at *2-3 and *7 (E.D. Tex. March 26, 2013) (pointing out that plaintiff's choice of venue is not a factor in analysis of transfer motion in that jurisdiction, but contributes to proving convenience of alternative venue and noting that plaintiff's principal place of business, majority of board of directors and at least two employees of parent company with knowledge of patents were based in district).

which a plaintiff's forum is entitled "increases as the plaintiff's ties to the forum increase." Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 101 (2d Cir. 2000). In any event, Wiwa was decided prior to Iragorri, the case relied on by the District Court in its decision to accord Wave's choice of forum little deference. The panel in Iragorri acknowledged that the deference rule "is not so abrupt or arbitrary" and factored the decision in Wiwa into its analysis:

> Thus, while plaintiff's citizenship and residence can serve as a proxy for, or indication of, convenience, neither the plaintiff's citizenship nor residence, nor the degree of deference given to her choice of forum, necessarily controls the outcome. Alcoa S.S. Co, Inc., v. M/V Nordic Regent, 654 F.2d 147, 152, 154 (2d Cir. 1980) (en banc) (observing that "American citizenship alone is not a barrier to dismissal on the ground of forum non conveniens") (summarizing the trend as "away from according a talismanic significance to the citizenship or residence of the parties"). **There is no "rigid rule of decision protecting U.S. citizen or resident plaintiffs from dismissal for forum non conveniens."** Wiwa, 226 F.3d at 102.

See, Iragorri, 274 F.3d at 72-74 (emphasis added).

Based on the foregoing, the appeal must be denied and the Decision affirmed.

## B.    Singapore Is Not Only An Appropriate Forum, It Is An Excellent Forum.

With respect to step two, a defendant's proposal of an alternative forum is "adequate if the defendants are amenable to service of process there, and if it

permits litigation of the subject matter of the dispute." RIGroup LLC, 949 F.

Supp. 2d at 553 (quoting Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d

64, 75 (2d Cir. 2003)). Singapore is a more than adequate forum for adjudicating

the threshold issue. GHM – the only relevant defendant as to the threshold issue –

is headquartered in Singapore and thus is indisputably amenable to service of

process there.[10] Additionally, Singapore is a modern, first world country with a

sophisticated legal system, based on English law, and an effective, progressive

judiciary. Singapore provides a statutory framework for protecting copyrights and

permits infringement lawsuits. See generally, S. Cop. Act. Pt. V. Furthermore,

Wave previously demonstrated its own confidence in Singapore as an adequate

alternative forum because it sued GHM in Singapore in 2010. 2017 WL 972117 at

*7 (SPA15).

The District Court's factual findings in this area are entitled to great

deference. For example, the District Court, after conducting a review of

Singaporean law, held that it was "persuaded that Singapore copyright law is well

---

[10] Nevertheless, GHM's participation in the litigation of the underlying case or this appeal is not a concession that it owns, currently manages or is an official representative of each and every one of the properties that are the subject of the allegedly infringed photographs. Nor is it a concession that GHM is arguing on behalf of the properties. GHM has only, as part of the litigation of the threshold issue and its motion for summary judgment, challenged Wave's ownership in the allegedly infringed photographs and, as a result, Wave's standing to bring the case in the first instance. GHM is the only defendant in this case that is a party to the threshold issue and the decision being appealed.

developed and that [Wave] can adequately pursue its claims in Singapore." 2017

WL 972117 at *7 (SPA15). In fact, as the District Court also found, Wave "agrees

Singapore has a sufficiently developed legal system...." 2017 WL 972117 at *7

(citing to Wave's moving brief and reply below) (SPA15). In addition, the District

Court further held that there were no procedural barriers to the use of the

Singaporean forum, and that Wave had not even identified such a limitation on

resolving the parties' dispute in Singapore:

> Courts decline to find an alternative forum adequate
> where there are procedural barriers to bringing a case in
> that alternative forum. … Neither party has suggested
> that any such procedural barriers exist to Plaintiff
> bringing its claims against GHM, and having them fairly
> adjudicated, in Singapore. In addition, GHM is
> headquartered in Singapore and is amenable to service
> there. … Accordingly, I find that Singapore is an
> adequate alternative forum.

2017 WL 972117 at *7 (SPA15) (internal citations omitted).

Moreover, Wave's claim that Singapore is not a proper forum because some

of the defendants in the related infringement action are not subject to jurisdiction in

Singapore is nothing but an attempt at distraction.[11] (Wave's Brief at 28). Under

---

[11] Wave repeatedly argues in its brief, without citing to the record, that "many" of
the other Defendants in this matter are based in New York. (See, e.g., Wave's Brief
at 13). For the sake of accuracy, GHM notes that, of the fifty-nine Defendants
named in the First Amended Complaint, Wave is only able to claim in its pleadings
that sixteen have addresses in or are organized within the State of New York.
(A831-845 at ¶¶ 10-68). Further, of the nineteen Defendants named in the
Northern District of California cases (that were not dismissed), Wave is only able

the District Court's Decision, once the threshold issue is resolved in Singapore, one of two things will happen:  (a) the litigation will end because GHM will have prevailed and Wave will not have standing to assert any copyright infringement claims against anyone in the United States, or (b) Wave will return to New York (its apparently preferred venue) to litigate the infringement claims against the remaining Defendants, armed with a Singaporean judgment that Wave owns the copyrights in (at least some of) the allegedly infringed photographs.  Thus, whether Singapore is the proper forum for that second group of claims is unrelated to the matter at hand.  Everything that has to do with the threshold issue – Wave's ownership of the copyrights (or lack thereof) - occurred outside of New York, and indeed (except for the photographs taken in Florida or California) outside of the United States.  As a result, this action belongs in Singapore, where all of the witnesses, evidence, and substantive law are found. If Wave prevails in Singapore, the District Court's Decision permits the claims against the other Defendants to be litigated in the United States.

Similarly, Wave's argument that the District Court failed to consider whether a Singaporean court could address the issue of "unauthorized copying of

---

to claim in its pleadings that six have addresses in or are organized within the State of New York.  (See A1389-1390 at ¶¶ 6-7).  As over seventy percent of the Defendants in this proceeding do not have addresses in the State of New York and are not organized under the laws of the State of New York, Wave's claims to the contrary, even if they were relevant, are misleading and largely inaccurate.

copyrighted work" is equally unavailing. (Wave's Brief at 35). Again, this is not an issue that will be resolved in Singapore. All that the District Court did was determine that the threshold issue must be adjudicated in Singapore. Wave concedes that Singapore's judicial system is fully capable of doing so. (Wave's Brief at 36) ("While there is no doubt a Singapore court could adjudicate the threshold element of copyright ownership under Singapore law …"). Thus, Wave's argument in this regard is nothing more than another attempt at distraction. The District Court did not evaluate whether Singapore's courts could address what to do if Wave is determined to own the copyrights in all of the material at issue. That question, assuming Wave prevails on the threshold issue of copyright ownership, will be resolved in the United States (subject, of course, to any potential challenges by the stayed Defendants to venue, forum or jurisdiction) – which is Wave's claimed preference in any event.

Wave's claim that the District Court failed to consider the possibility that its claims could be barred by a statute of limitations defense also misses the mark. (Wave's Brief at 40). First off, Wave did not raise this issue before the District Court and it is well settled that an appellant may not raise an issue for the first time on appeal. See, e.g., Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n, 533 F.3d 98, 99 (2d Cir. 2008) (when arguments are raised for the first time on appeal, "those arguments have been forfeited"); Lanham v. Mansfield, 400 Fed. Appx.

609, 611 (2d Cir. 2010) (declining to address issue raised for the first time on appeal); <u>Perry v. New York Dep't of Labor,</u> 398 Fed. Appx. 628, 629 (2d Cir. 2010) (same); <u>Maska U.S., Inc. v. Kansa Gen. Ins. Co.</u>, 198 F.3d 74, 79–80 (2d Cir. 1999) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal").  As set forth above, and as the District Court held, Wave did not identify any barrier to the resolution of this matter in Singapore at the time of the underlying motion.  2017 WL 972117 at *5 (SPA15).  As a result, this Court should not even consider this issue, and the appeal should be denied for this reason alone.

In any event, if the statute of limitations issue presents a problem for Wave in Singapore, the existence of that defense was caused solely by Wave's failure to act upon the risk it faced by insisting upon the New York forum.  Wave knew from the outset of this matter that GHM contested the New York forum on <u>forum non conveniens</u> grounds, but took no action.  As the District Court observed in rejecting Wave's specious claim that GHM waited too long to raise the <u>forum non conveniens</u> defense, the <u>forum non conveniens</u> defense was asserted in GHM's Answer, and when Wave changed counsel, GHM reminded the new counsel of this fact.  2017 WL 972117 at *5 (SPA10-11).  Moreover, the District Court noted that Wave delayed the matter significantly because it was unable to find new counsel after its initial counsel withdrew.  2017 WL 972117 at *5 (SPA10).  Thus, the

notion that a possible dismissal in Singapore based upon a statute of limitations defense is somehow unfair is nonsense. Wave took a risk by insisting upon a New York forum knowing it could lose an eventual motion to dismiss for <u>forum</u> <u>non</u> <u>conveniens</u> and should not now be permitted to use its own lack of diligence to demand that this matter be heard thousands of miles from where all of the operative facts occurred and where all of the witnesses and evidence are located.[12] Finally, as mentioned above, despite Wave's hollow arguments to the contrary, there is not (and cannot be) any statute of limitation issue as to any other defendant, as the underlying case remains stayed as to all of the seventy-eight

---

[12] In addition, if the Singapore judicial system does for some reason decline to adjudicate the matter, and that basis is not substantive, Wave might be able to seek relief from the District Court's Decision. Of course, what defenses GHM might assert in response to such a motion are not known because Wave has not even tried to initiate proceedings in Singapore. There were three obvious times to do so – (a) when GHM filed its Answer asserting the <u>forum</u> <u>non</u> <u>conveniens</u> defense, (b) when GHM reminded Wave's new (and current) counsel of this fact, or (c) when or after the underlying motion was litigated. Had it done so, Wave likely could have prevented any possible statute of limitations issues.

Similarly, Wave's statute of limitations concerns could very well be a product of Wave's own devices, given its delay in bringing the underlying suit in the first instance. The most recent photographs alleged to be infringed in this case were first published in 2007. (A1316-1317 at ¶ 48). The case was brought in the United States on December 31, 2013, six years later. Ms. Lee has provided dubious and at times contradictory testimony and information regarding when she first learned of the alleged infringements, raising real questions as to whether Wave was even compliant with the statute of limitations in the United States in connection with its first filing. (<u>See</u> A1145-1146 at 114:15-115:22; A1425-1426 at ¶ 22).

additional defendants (the claims against whom are severed and stayed) apart from GHM.

As a result, the second consideration – the propriety of the proposed alternative forum – requires dismissal of this action on the grounds of <u>forum non conveniens</u>.  See <u>RIGroup LLC</u>, 949 F. Supp.2d at 554 (determining that Russia was adequate alternative forum on basis of expert affidavit's statements that defendants would be subject to jurisdiction in Russia and plaintiffs' claims are cognizable under Russian law); <u>Palacios v. The Coca-Cola Co.</u>, 757 F. Supp. 2d 347, 357 (S.D.N.Y. 2010) (finding that Guatemala was adequate alternative forum on basis of expert testimony that "Guatemalan law recognizes substantially equivalent claims for at least ten of the twelve causes of action").  Therefore, the District Court's Decision to dismiss this action based upon the doctrine of <u>forum non conveniens</u> was proper and that decision should be affirmed.

## C.  <u>Analysis Of The Public And Private Factors Demonstrates That The Dismissal Should Be Affirmed.</u>

Finally, the relevant private and public interests weigh heavily in favor of litigating this action in Singapore rather than New York, demonstrating that the District Court's Decision should be affirmed.  2017 WL 972117 at *8-9 (SPA16-19).

1.    **The Private Interest Factors.**

All of the relevant private interest factors, which relate to the convenience of the litigants with respect to litigating in the competing fora, weigh in favor of dismissal of the action based upon the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u>, requiring that the District Court's Decision be affirmed.   These private interest factors include:

> (1)    the relative ease of access to sources of proof;
>
> (2)    the availability of compulsory process for attendance of unwilling witnesses;
>
> (3)    the cost of obtaining attendance of willing witnesses; and
>
> (4)    all other practical problems that make trial of a case easy, expeditious and inexpensive.

<u>RIGroup LLC</u>, 949 F. Supp. 2d at 555–56 (citing <u>Iragorri</u>, 274 F.3d at 73–74); <u>see also</u> 2017 WL 972117 at *8 (SPA16) (citing <u>Carey v. Bayerische Hypo-Und Vereinsbank AG</u>, 370 F.3d 234, 237 (2d Cir. 2004)).

"[C]ourts have regularly concluded that where most of the witnesses and documentary evidence reside in a foreign country, conducting trial in the U.S. could impose such significant burdens on the parties that dismissal is favored." <u>Id.</u> at 556 (quotation omitted) (citing cases).   This is precisely such a case.[13]

---

[13] Discovery has been conducted only with respect to the threshold issue of whether GHM had the right to use and distribute the photographs as it saw fit, which includes, but is not limited to, whether Wave is the owner of the photographs. If

Plaintiff's principal resides in Singapore.[14]  GHM is headquartered in Singapore. Similarly, none of the key non-party witnesses in the threshold issue have any connection to New York.  Masano Kawana, the photographer hired by Wave to take the photographs of the foreign hotels, does not reside in or conduct business in New York.  According to Mr. Kawana's website and the record on appeal, he resides in Singapore, where his business is headquartered.[15]  Kendall Oei, a former director of GHM (whose email correspondence was made a predominant issue in Wave's briefs on the underlying motions), upon information and belief, splits his time between Singapore, Indonesia and Hong Kong.  (See, e.g. A-2235-2236). The general managers of the various foreign hotels, who signed the production estimates prepared by Ms. Lee (Wave's principal) and negotiated with her, presumably continue to reside in the foreign countries where the hotels are located (assuming they are still working with the hotels).  At least two of Wave's former

---

the District Court's Decision is overturned, and summary judgment on the grounds before the Court is denied, the parties will need to resolve the threshold issue in the inconvenient and wholly improper New York forum.  If that occurs, the parties may need to continue discovery (which will likely include expert discovery as to Singapore law), and take trial testimony including, as discussed below, of individuals and entities residing in foreign countries.  Thus, the location of the witnesses and documentary evidence is relevant as a factor to consider under the forum non conveniens doctrine.

[14] Indeed, Plaintiff's principal has previously attested to the inconvenience of New York as a forum, given her residency in Singapore.  (A1305 at ¶ 4.)

[15] http://www.irieeyes-pictures.com/. (See also A2140-2141; A2144 -2145).

employees or contractors reside in Singapore. (A1304-1306 at ¶¶ 5-6). [16] Wave's accountant, who dissolved the Singapore Wave Entities and prepared legal documents regarding purported assignments to Wave, resides in Singapore. (A1121-1200 at 188:1-3). The cost of these witnesses appearing at depositions and at trial will be astronomical. See Palacios, 757 F. Supp. 2d at 361–62 (finding that the cost involved in transporting numerous foreign witnesses to New York supports dismissal).

In contrast, Wave has not identified a single witness who resides in or has any connection to New York. The only participant in this litigation for whom New York is a convenient forum is Wave's previous attorney, who is no longer a participant in this litigation. Thus, the private interest factors undeniably favor dismissal of this case. See RIGroup LLC, 949 F. Supp. 2d at 556–57 (finding that the location of witnesses, almost all of whom reside in Russia, favors dismissal of action); Palacios, 757 F. Supp. 2d at 362 ("Because Guatemala remains the true focus of this litigation, and the bulk of the relevant evidence remains in Guatemala, the Court finds that the private interest factors tilt decidedly in favor of dismissal." (quotation omitted)).

---

[16] In connection with one of the Northern District of California Cases, Ms. Lee provided information regarding the location of two of its former employees (one is apparently a full time resident of Singapore, and the other "is a resident of Singapore" who may also reside in Thailand), and one of its "freelance digital artists" (who is apparently a full time resident of Singapore). (A1304-1306 at ¶¶ 5-6).

Furthermore, Wave's apparent argument that witnesses in the infringement element of this case are in the United States or subject to compulsory appearance here is of no importance. The witnesses on that issue are different than those for the threshold issue and the infringement issue has been properly severed from the threshold issue and is not relevant to this appeal. On the infringement issues, the witnesses are likely to include travel agencies, web sites, marketing firms and others who distributed, used or were permitted to use the photographs at issue. None of those persons has any information about who owns the photographs or has the right to control their use. That issue must be decided in Singapore because the persons with knowledge of that issue are located largely there.

Wave's claim that merely because this threshold issue was raised via a summary judgment motion that the location of witnesses has no bearing on this Appeal is unfathomable. (Wave's Brief at 45). If the District Court would have denied both cross-motions for summary judgment in their entireties, the threshold issue would obviously have to be tried. The point, as Wave likely understands, is that if the threshold issue were tried, all of the witnesses would have to travel great distances, and all of the non-party witnesses would either refuse to appear or would appear only through deposition transcripts (assuming their participation in discovery depositions could even be obtained in accordance with Singapore and international law). In stark contrast, Singapore is where the parties are located, and

40

obtaining live testimony from non-parties there will be less expensive and more likely – all facts the District Court understood and used to form the basis of its Decision.  2017 WL 972117 at *8-9 (SPA16-18).  Moreover, Wave's claim that managers of hotels that are the subject of the photographs at issue may be more likely to appear in New York than Singapore is unsupported.  (Wave's Brief at 47).

Similarly, Wave's insinuations throughout its brief relating to availability of witnesses for the stayed Defendants relating to "infringements based in the United States" is immaterial and unsupported.[17]  The testimony of any of the stayed Defendants' witnesses will relate to the secondary infringement issue – which, under the District Court's Decision, can be resolved in New York assuming Wave prevails on the threshold issue of copyright ownership in Singapore (subject, of course, to any defenses as to venue, forum or jurisdiction that may be raised by the stayed Defendants).  Wave's attempts to conflate infringement and ownership interests are also unsupported under the seminal case in this Circuit.  <u>Itar Tass</u>

---

[17] Wave repeatedly states in its appeal brief that all of the alleged infringements in this case took place in the United States, despite the fact that no discovery on the alleged infringements has taken place.  (<u>See</u>, <u>e.g.</u>, Wave's Brief at 6, 24-25).  Wave is unable to point to portions of the record (apart from unsupported and un-conceded allegations from its First Amended Complaint that do not even reference infringement in the United States and unauthenticated screenshots attached to its original Complaint) that prove that any infringements took place in this country.  As such, Wave's repeated claims to this effect and the presumptions Wave is asking this Court to make based on those unsupported claims, should be accorded little, if any, weight (even if they were relevant to this Court's decision on appeal, which they are not).

<u>Russian News Agency</u>, 153 F.2d at 91.[18]  Perhaps more importantly, Wave is simply grasping at straws to say that hotel managers of hotels in Asia are more or less likely to appear in New York than Singapore.[19]

Thus, the District Court properly concluded that all of the private interest factors weigh heavily against the New York forum.  2017 WL 972117 at *8 (SPA-16).  Here, all of the witnesses, and vast majority of the original copies of all of the relevant documents, are located either in Singapore, or in neighboring jurisdictions.  <u>Id.</u>  None of the evidence relating to the threshold issue is in New York, or the United States generally.  <u>Id.</u>  Thus, there may be no dispute that with respect to the "relative ease of access to sources of proof," Singapore makes much more sense than New York as the forum for this matter to be adjudicated.  <u>Id.</u>  There also may be no dispute that the cost of litigating the threshold issue in New York is much

---

[18] "[I]n some cases..., the issue is not simply who owns the copyright but also what is the nature of the ownership interest. Yet as a court considers the nature of an ownership interest, there is some risk that it will too readily shift the inquiry over to the issue of whether an alleged copy has infringed the asserted copyright. Whether a copy infringes depends in part on the scope of the interest of the copyright owner. Nevertheless, though the issues are related, the nature of a copyright interest is an issue distinct from the issue of whether the copyright has been infringed." <u>Id.</u>

[19] Likewise, Wave's claims that its accountant is not needed for trial (Wave's Brief at 49) merely because GHM moved for summary judgment without his testimony is nonsense.  If the District Court revisits the remaining issues in GHM's summary judgment motion and rules that summary judgment as to GHM's chain of title arguments is not appropriate, there will be a trial as to those issues. In those circumstances, his testimony will likely be needed to determine the chain of title of at least some of the copyright registrations at issue (among other issues).

more expensive than Singapore.  Id.  Travel costs for the parties and their own witnesses alone demonstrate this fact. Id.

Finally, with respect to "the availability of compulsory process for attendance of unwilling witnesses," if the matter is heard in the United States, almost all of the witnesses other than Wave's principal, and representatives of GHM, will appear through the reading of deposition testimony – assuming such testimony may be obtained.  As the Court is obviously aware, the non-party witnesses may not be compelled to travel to New York for trial, leaving deposition testimony readings the only other viable option.  But, the ability to obtain deposition testimony is drastically limited and can only be obtained in accordance with Singapore or international law.  As Wave correctly notes in its brief, Singapore is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.[20] Hague Conference Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Oct. 16, 2017).  Contrary to Wave's unsupported assertions in its brief (where it conveniently ignores the bifurcation of this case that it consented to), however, this

---

[20] In fact, GHM first identified the Hague Convention issue in its February 18, 2015 letter to Wave's former counsel regarding the forum non conveniens issue. (A2190).

factor weighs in favor of dismissal of the threshold issue on the grounds of <u>forum non conveniens</u>, not against it, because GHM would be unable to compel attendance of non-party Singaporean fact witnesses (such as Mr. Kawana's company, Wave's accountant and Wave's former employees) at trial on the threshold issue in the United States.

As the District Court's detailed analysis of this issue demonstrates indisputably, there is no basis to overturn the Decision.

## 2. **The Public Interest Factors.**

The public interest factors likewise support dismissal of this action, and affirmance of the District Court's Decision. Such factors include:

(1)  the administrative burden on the congested court being asked to handle a dispute arising from another forum;

(2)  the burden of jury duty on the people of a community which has no relation to the litigation;

(3)  the local interest in having localized controversies decided at home; and,

(4)  the burden of applying foreign law.

<u>RIGroup LLC</u>, 949 F. Supp. 2d at 558 (quoting <u>Iragorri</u>, 274 F.3d at 74). The people residing in the Southern District of New York bear no relation to this litigation; as detailed above, the single "connection" the threshold issue has to this District is that Wave's previous attorney's office is located in the district. Thus, the "local interest" factor and the "burden of jury duty" factor both weigh heavily

in favor of dismissing this action.  <u>Id.</u> at 558 (finding that "local interest" factor and "burden of jury duty" factor weigh in favor of Russian forum because the alleged misconduct took place in Russia); <u>Palacios</u>, 757 F. Supp. 2d at 362–63 (finding that "[t]he dominant Guatemalan contacts identified above diminish any purported connection to the New York jury pool" and "gives rise to a Guatemalan interest in local adjudication").  Similarly, the Southern District of New York is one of the busiest, if not the busiest jurisdictions in the United States, if not the world.  (<u>Wave Studio,</u> 2017 WL 972117 at *8 (SPA17) (quoting <u>Tel. Sys. Int'l Inc. v. Network Telecom PLC</u>, 303 F. Supp. 2d 377, 384 (S.D.N.Y. 2003)).  It has a well-earned reputation for excellence, and that excellence cannot be put at risk by sidetracking the Court's limited resources on disputes that bear no connection to New York.  In short, a New York court should not be burdened with a dispute for which New York has no interest.

In addition, as set forth above, Wave likely selected the New York forum in part to avoid Singapore's less-favorable take on the work for hire doctrine. However, as outlined above and explained in detail GHM's brief below to the District Court, Singaporean law must be applied to determine ownership of the copyright in the allegedly infringed photographs even if this matter is heard in the United States.  Thus, the additional public interest factor of asking the District Court to apply a foreign jurisdiction's law weighs against the New York forum,

requiring affirmance of the District Court's Decision.  2017 WL 972117 at *8 (SPA18-19).  Wave's claim that American law will be needed to adjudicate the issue of the unauthorized copying of copyrighted material is unavailing.  (Wave's Brief at 51).  Like Wave's other similar arguments, this issue may be resolved by an American court, but only if Wave prevails under Singapore law in a Singaporean court on the threshold issue of whether it owns valid copyrights in all of the photographs and, as a result, has standing to bring an infringement claim in the United States.  Thus, the District Court properly determined that Singaporean law was exclusively needed to resolve the issue to be resolved by the Singaporean court, making this matter ripe for dismissal based upon the doctrine of <u>forum non conveniens</u>.

In sum, this litigation has no connection to New York, Singapore is an adequate alternative forum, and the Court should dismiss this action on grounds of <u>forum non conveniens</u>.

**POINT III**

**THE SECOND CIRCUIT DOES NOT HAVE
JURISDICTION TO HEAR THIS APPEAL AND IT
MUST BE DISMISSED.**

As set forth in GHM's Jurisdictional Statement, Wave's jurisdictional statement is not only procedurally incomplete, it is incorrect.  Even assuming Wave's jurisdictional statement were procedurally sufficient (which it is not), this

is an impermissible appeal from an interlocutory order, and this Court does not have subject matter jurisdiction to hear it.

## A.  **Wave Has Improperly Appealed an Interlocutory Order.**

"The courts of appeals... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...."  28 U.S.C. § 1291.  The decision Wave seeks to appeal is, quite simply, not a final one.  Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The underlying case involves both multiple claims and multiple parties.  In addition to GHM, Wave has brought suit against a total of seventy-nine named Defendants, and a number of unknown entities.  2017 WL 972117 at *3 (SPA-6); (A-56 to A-80); (A-827 to A-845).  The operative pleading in the underlying action includes three separate claims for relief: (1) copyright infringement as to all Defendants; (2) contributory copyright infringement against GHM and two other

47

known Defendants (and an untold number of apparently unknown Defendants); and (3) vicarious copyright infringement against all Defendants. (A851-865). The District Court stayed the case as to all Defendants except for GHM to allow for the litigation of a threshold issue only – GHM's right to use and disseminate the allegedly infringed photographs (and GHM's challenge to Wave's ownership in the photographs) – under the theory that a finding that GHM had such a right "would be case-dispositive as to it and the vast majority of other Defendants." 2017 WL 972117 at *3 (SPA6).

The District Court's decision granting dismissal in the underlying proceeding applies only to Wave's claims as they relate to GHM, and not to any of the more than seventy other Defendants Wave sued in this proceeding or any of those Defendants' (including GHM's) cross-claims against each other. 2017 WL 972117 at * 11 (SPA22). ("Plaintiff's claims against GHM are dismissed on forum non-conveniens grounds.... Plaintiff's claims against the remaining Defendants, and any cross-claims among the Defendants, continue to be stayed in this Court."). Furthermore, the District Court did not address the substantive arguments raised by the parties as to the threshold issue or issue a decision on any of the three claims for relief set forth in the operative pleading. 2017 WL 972117 at *4 (SPA8). The underlying decision does not even fully dismiss GHM from the case. First, it remains obligated to provide a status update to the District Court every three

months. 2017 WL 972117 at *11 (SPA22). Second, to the extent GHM is or will be a party in any cross-claims with other Defendants, such cross-claims are stayed, not dismissed. Id.

The District Court's decision is nothing more than an interlocutory order as to a narrow threshold issue, dismissing the case as to a single Defendant (out of seventy-nine) on procedural grounds. The underlying interlocutory decision does not fall under any of the exceptions (set forth in 28 U.S.C. § 1292) to the general rule that circuit courts lack jurisdiction over interlocutory orders. Wave could have moved the District Court to certify its decision as final in accordance with Rule 54(b), but it did not. See, e.g., Wyndham Associates, 398 F.2d at 615-16 (district court certified dismissal order for appeal) (cited by Appellant at pages 29-31 of Appellant's Brief). As a result, Wave's appeal is precluded and must be dismissed. See Kahn v. Chase Manhattan Bank, N.A., 91 F.3d 385, 388 (2d Cir. 1996) (concluding that an order "remains interlocutory and is not appealable" because it "did not dispose of all claims against all parties and because there was no Rule 54(b) certification" and dismissing the appeal).

## B.    **Wave's Jurisdictional Statement is Procedurally Deficient.**

Rule 28(a)(4) of the Federal Rules of Appellate Procedure requires that Appellant's jurisdictional statement contain:

> "(A) the basis for the district court's or agency's subject-matter jurisdiction, with citations to applicable statutory

49

provisions and stating relevant facts establishing jurisdiction; (B) the basis for the court of appeals' jurisdiction, with citations to the applicable statutory provisions **and stating relevant facts establishing jurisdiction**; (C) the filing dates establishing timeliness of the appeal or petition for review; and (D) an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis"

(emphasis added). Wave's jurisdictional statement fails to assert a single fact (relevant or otherwise) establishing this Court's subject matter jurisdiction. (Wave's Brief at 1). Wave cites only to 28 U.S.C. § 1291, evidently expecting this Court to take it at its word that subject matter jurisdiction exists (which, as previously discussed, it does not).

Wave has also failed to procedurally comply with Federal Rule of Appellate Procedure 28(a)(4)(D), as it includes neither: (i) an assertion that the appeal is from a final order or judgment that disposes of all parties claims' (because Wave simply cannot make such an assertion); nor (ii) information regarding this Court's jurisdiction on some other basis. This is insufficient and improper. As such, Wave's Appeal should be stricken for failure to contain a jurisdictional statement that complies with Rule 28(a)(4) of the Federal Rules of Appellate Procedure. See, e.g. Offley v. Activision, Inc., 273 Fed. Appx. 610, 611 (9th Cir. 2008); Baez-Sanchez v. Sessions III, 862 F.3d 638, 642 (7th Cir. 2017).

50

## <u>CONCLUSION</u>

For the forgoing reasons, the appeal filed by Appellant The Wave Studio, LLC should be denied, and the Decision and Order dated March 10, 2017 entered by the United States District Court for the Southern District of New York should be affirmed.

Respectfully submitted,

CHIESA SHAHINIAN
& GIANTOMASI PC

<u>     *s/Daniel D. Barnes*     </u>
Ronald L. Israel
Daniel D. Barnes
Abigail Remore

11 Times Square – 31st Floor
New York, New York  10036
Telephone:   (212) 973-0572
Facsimile:    (973) 325-1501

Attorneys for Appellee General Hotel
Management Ltd.

Dated:       October 18, 2017

## <u>CERTIFICATE OF COMPLIANCE F.R.A.P. 32(A)</u>

The foregoing Brief submitted by Appellee General Hotel Management Ltd. was prepared on a computer using a Microsoft Word 2010 word processing program and complies with the typeface-style-volume limitation because a proportionally spaced typeface was used, as follows:

| | |
|---|---|
| Name of typeface: | <u>Times New Roman</u> |
| Point size: | <u>14</u> |
| Line spacing: | <u>Double</u> |

The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations and certificate of compliance, is 12,981.

52