# 17-1018

## In the
## United States Court of Appeals
### For the Second Circuit



THE WAVE STUDIO, LLC,

*Plaintiff-Counter Defendant-Appellant*,

v.

GENERAL HOTEL MANAGEMENT LTD.,

*Defendant-Cross Defendant-Appellee*,

- and -

DELTA AIR LINES, INC., DBA DELTA.COM,

*Defendant-Cross Claimant-Counter Claimant*,

*(See inside cover for continuation of caption)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

COBALT LLP
*Attorneys for Plaintiff-Appellant*
918 Parker Street, Suite A21
Berkeley, California 94710
(510) 841-9800

TRAVELOCITY.COM, LP, DBA TRAVELOCITY.COM, ROOM77, DBA
ROOM77.COM, LEXYL TRAVEL TECHNOLOGIES, DBA
HOTELPLANNER.COM,HOTELSBYME.COM, DBA HOTELSBYME.COM,
FAREBUZZ, DBA FAREBUZZ.COM, WK TRAVEL INC., DBA
TRAVELSPOT.US, DBA ONETRAVEL.COM,NEXTAG, INC., DBA
NEXTAG.COM, AMERICAN AIRLINES, INC., DBA AAVACATIONS.COM,
KAYAK SOFTWARE CORPORATION, DBA KAYAK.COM,VACATIONS BY
TZELL, DBA VACATIONSBYTZELL.COM, BOOKIT.COM INC., DBA
BOOKIT.COM, ANDREW HARPER, DBA ANDREWHARPER.COM, QANTAS
AIRWAYS LIMITED, DBA QANTAS.COM.AU, LUXE TRAVEL, LLC, DBA
LUXETRAVEL.COM, SIGNATURE TRAVEL NETWORK, DBA
SIGNATURETRAVELNETWORK.COM, UNITED AIRLINES, INC., DBA
HOTELS.UNITED.COM, TABLET INC, DBA TABLETHOTELS.COM, FROSH
INTERNATIONAL TRAVEL, INC., DBA FROSHVACATIONS.COM,
EXPEDIA, INC., DBA EXPEDIA.COM, RANDOM HOUSE INC., DBA
FODORS.COM, NETADVANTAGE.COM, DBA IHSADVANTAGE.COM,
MARKET ES INC., DBA HOTELS-AND-DISCOUNTS.COM, PEGASUS
SOLUTIONS INC., ORBITZ WORLDWIDE, LLC, DBA ORBITZ.COM, SPA
FINDER, INC., DBA SPAFINDER.COM, THIS EXIT LLC, DBA
ROADSIDEAMERICA.COM, CEDORA, INC., DBA
REALADVENTURES.COM, THE LEADING HOTELS OF THE WORLD, DBA
LHW.COM, HOTELS.COM GP, LLC, DBA HOTELS.COM, DBA
TRAVELNOW.COM, INC., RESEVERATION COUNTER, DBA
RESERVATIONCOUNTER.COM, IBT MEDIA INC., DBA IBTIMES.COM,
ESSLINGER WOOTEN MAXWELL, INC., DBA NELSONGONZALEZ.COM,
HOTELGUIDES.COM, INC., DBA HOTELGUIDES.COM, ESTEBAN
OLIVEREZ, DBA INSANELYCHEAPFLIGHTS.COM, GETAROOM.COM, DBA
GETAROOM.COM, FROMMER MEDIA, DBA FROMMERS.COM, HIPMUNK,
INC., DBA HIPMUNK.COM, METRO TRAVEL GUIDE, DBA
METROTRAVELGUIDE.COM, JOE MAZZARELLA, DBA ROOMRATE.COM,
QATAR AIRWAYS, DBA QATARAIRWAYS.COM, TRIPADVISOR LLC, DBA
TRIPADVISOR.COM, SETAI OWNERS LLC, DBA SETAI.COM,
HOTELSTRAVEL.COM, DBA HOTELSTRAVEL.COM, LONELY PLANET
GLOBAL, INC., DBA LONELYPLANET.COM, GOGOBOT, INC., DBA
GOGOBOT.COM, FAREPORTAL INC, DBA CHEAPOAIR.COM, LUXURY
TRAVEL MEDIA, DBA LUXURYTRAVELMAGAZINE.COM, DOES, 1-100,
JETBLUE AIRWAYS CORPORATION, DBA JETBLUE.COM,
BUDGETWORKS, INC., DBA SETAICONDORENTALS.COM, LUXEMONT,
DBA JUSTLUXE.COM, ALLIANCE RESERVATIONS NETWORK, DBA
RESERVETRAVEL.COM, MOBISSIMO INC., DBA MOBISSIMO.COM, VFM
LEONARDO, INC., MYSOBE.COM, DBA MYSOBE.COM, ESCALA
VACATIONS, DBA ESCALAVACATIONS.COM, QUESTEX MEDIA LLC,
DBA FIVESTARALLIANCE.COM, ABOUT, INC., DBA ABOUT.COM,

*Defendants-Cross Defendants*,

*(See inside cover for continuation of caption)*

ANA CRISTINA MARUN, DBA VIPLUXURYRENTALS.COM, I4SITES, DBA I4SANUR.COM, JET SET OMNIMEDIA, DBA JETSETREPORT.COM, KEVIN TOMLINSON, DBA KEVINTOMLINSON.COM, KRISTINE HALL, DBA LUXURYRENTALSMIAMIBEACH.COM, LINDA GUSTAFSON, DBA LINDAGPROPERTIES.COM, LORRAINE TRAVEL, DBA WHATAHOTEL.COM, REEF & RAINFOREST DIVE & ADVENTURE TRAVEL, DBA REEFRAINFOREST.COM, DBA SETAI-REALTY.COM, TRACK ENTERTAINMENT, DBA CLUBPLANET.COM, VACATIONIDEA INC., DBA VACATIONIDEA.COM, DISNEY ENTERPRISES, INC., DBA GO.COM, GANNETT SATELLITE INFORMATION NETWORK, INC., DBA TRAVEL.USATODAY.COM, TIME INC., LIFESTYLE GROUP, DBA COASTALLIVING.COM, SAMIR PATEL, DBA MIAMICONDOREALTY, DBA SETAISOUTHBEACH.COM, DBA SOUTHBEACHBROKERS.COM, DANIEL HORNEK, DBA MIAMICONDOSEARCH.COM, DBA KAFKA- FRANZ.COM, AUSTIN AMERICAN STATESMAN, DBA STATESMAN.COM, SUNNY REALTY, DBA SUNNYISLESMIAMIREALESTATE.COM, ZIMBIO, INC., DBA ZIMBIO.COM, CHARLES KESSLER, DBA A1-DISCOUNT-HOTELS.COM, HELEN SIEW, DBA HOTELSPEEDY.COM, CHICTIP.COM, LLC, DBA CHICTIP.COM, TURNER BROADCASTING SYSTEM, INC., DBA CNNGO.COM, DANIEL CHESTNUT, DBA ECONOMYBOOKING.COM, TWENTIETH CENTURY FOX FILM CORPORATION, DBA FOX NEWS NETWORK, LLC, DBA FOXNEWS.COM, HAUTE LIVING, DBA HAUTELIVING.COM, THEHUFFINGTONPOST.COM, INC., DBA HUFFINGTONPOST.COM, LESUEUR INTERIORS, DBA LESUEURINTERIORSBLOG.COM, MIAMI NEW TIMES, LLC, DBA MIAMINEWTIMES.COM, THE NILE PROJECT, INC., DBA NILEGUIDE.COM, REFINERY29, DBA REFINERY29.COM, VISA INC., BRITISH AIRWAYS PLC, HOTELS COMBINED LLC, SWISS INTERNATIONAL AIR LINES LTD., TRAVIX TRAVEL USA INC., VISITUSA LLC,

*Defendants*.

———————————————

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................ iii

I. INTRODUCTION ................................................................ 1

II. ARGUMENT ................................................................ 4

   A. This Court Has Jurisdiction To Hear This Appeal And, Accordingly, Appellant's Jurisdictional Statement Was Proper ........................................... 4

   B. GHM Failed To Meet Its Burden Of Establishing Singapore As An Adequate Forum To Address Claims Of U.S. Copyright Infringement, and the District Court Committed Reversible Error By Not Addressing This Prerequisite Issue ............................................. 8

      1. The District Court avoided having to address issues of service of process for the other 70+ defendants by first improperly severing the claims against GHM into a separate action .......................................... 9

      2. To date, neither the District Court nor GHM has addressed whether a Singapore court could or would permit litigation of a case for U.S. copyright infringement, which is a mandatory prerequisite for a finding that Singapore is an adequate alternative forum ...................... 13

      3. Appellant's arguments regarding the statute of limitations issues resultant from the district court's severance and dismissal order were properly raised on appeal ................................................. 16

   C. Appellant's Chosen Forum Is Entitled To Significant Deference ................. 19

   D. GHM Failed To Meet Its Burden As To The Private and Public Factors In The Court Below, Which It May Not Remedy On Appeal (And Has Not Remedied In Its Opposition In Any Event) .......................... 22

      1. GHM has failed to establish facts to support its position on the private factors ............................................................ 22

i

2.  GHM has failed to establish dismissal is appropriate under the
    public factors ............................................................................................25

III. CONCLUSION ...................................................................................................27

## <u>TABLE OF AUTHORITIES</u>

Page

### <u>Cases:</u>

*Acevedo-Garcia v. Monroig,*
   351 F.3d 547 (1st Cir. 2003) ................................................................5

*Carey v. Bayerische Hypo-Und Vereinsbank AG,*
   370 F.3d 234 (2d Cir. 2004).........................................................22, 25

*Chrysler Credit Corp. v. Country Chrysler, Inc.,*
   928 F.2d 1509 (10th Cir. 1991)...........................................................5

*Erasquin v. Notz, Stuck Mgmt. (Bermuda) Ltd.,*
   806 F.Supp.2d 712 (S.D.N.Y. 2011)...................................................8

*Gaffney v. Riverboat Svcs. Of Indiana Inc.,*
   451 F.3d 424 (7th Cir. 2006).............................................................5

*Gulf Oil Corp. v. Gilbert,*
   330 U.S. 501 (1947) ........................................................................22

*Herklotz v. Parkinson,*
   848 F.3d 894 (9th Cir. 2017).............................................................4

*Hofman v. De Marchena Kaluche & Associados,*
   642 F.3d 995 (11th Cir. 2011)........................................................ 4-5

*In re Hellas Telecomms. (Luxembourg) II SCA,*
   535 B.R. 543 (S.D.N.Y. 2015)................................................8, 9, 13

*In re Master Key Antitrust Litigation,*
   528 F.2d 5 (2d. Cir. 1975)..................................................................7

*Iragorri v. United Techs. Corp.,*
   274 F.3d 65 (2d Cir. 2001)...............................................................19

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.,*
   153 F.3d 82 (2d Cir. 1998)......................................................... 14-15

*Jewell v. Music Lifeboat,*
No. 16-cv-1587 (NG) (PK), 2017 WL 2226572 (E.D.N.Y. May 19, 2017) ....10

*Kitchen v. Heyns,*
802 F.3d 873 (6th Cir. 2015)..........................................................................4, 5

*Kokkonen v. Guardian Life Ins. Co. of America,*
511 U.S. 375 (1994) .........................................................................................7

*Lanham v. Mansfield,*
400 Fed. Appx. 609 (2d Cir. 2010) .................................................................26

*Local 377, RWDSU, UFCW, v. 1864 Tenants Ass'n,*
533 F.3d 98 (2d Cir. 2008)..............................................................................26

*MacAlister v. Guterma,*
263 F.2d 65 (2d. Cir. 1958)...............................................................................7

*Manela v. Garantia Banking Ltd.,*
940 F.Supp. 584 (S.D.N.Y. 1996)....................................................................24

*Manu Int'l S.A. v. Avon Prods, Inc.,*
641 F.2d 62 (2d Cir. 1981)...............................................................................10

*Maska U.S., Inc. v. Kansa Gen. Ins. Co.,*
198 F.3d 74 (2d Cir. 1999)...............................................................................26

*Norex Petroleum Ltd. v. Access Indus., Inc.,*
416 F.3d 146 (2d Cir. 2005)..................................................................9, 14, 15

*Oram v. SoulCycle LLC,*
979 F.Supp.2d 498 (S.D.N.Y. 2013)..................................................................5

*Perry v. New York Dep't of Labor,*
398 Fed. Appx. 628 (2d Cir. 2010) .................................................................26

*Pollux Holding Ltd. v. Chase Manhattan Bank,*
329 F.3d 64 (2d Cir. 2003)................................................................................9

iv

*Spencer, White & Prentis, Inc. v. Pfizer, Inc.,*
    498 F.2d 358 (2d. Cir. 1974)...................................................................4, 5

*United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs, Inc.,*
    149 F.3d 227 (3d Cir. 1998)..................................................................5

*United States v. O'Neil,*
    709 F.2d 361 (5th Cir. 1983)..................................................................5

*Usha (India) Ltd. v. Honeywell Int'l, Inc.,*
    421 F.3d 129 (2d Cir. 2005)...........................................................17

## **Rules, Laws and Statutes:**

28 U.S.C. § 1391(b)(3)....................................................................20, 21

28 U.SC. § 1291 .................................................................................4

Federal Rule of Appellate Procedure 28(a) ..........................................4, 8

Federal Rule of Civil Procedure 21 ................................................3, 4, 19

I.    INTRODUCTION

As established in Appellant's opening brief in this appeal, and in its briefing at summary judgment below, determining whether a presumptive transferee court can adjudicate the claims at issue is a prerequisite to dismissal on *forum non conveniens* grounds. Yet despite bearing the burden of proof on its summary judgment motion, there is not a single sentence in GHM's briefing to date, including in its opposition to this appeal, on whether a Singapore court can or will permit litigation of a claim for U.S. copyright infringement. The District Court's opinion below, too, is devoid of any analysis of this prerequisite issue. The District Court's failure to analyze this indispensible determination constitutes reversible error.

Further, as discussed at length in Appellant's opening brief, severance was inappropriate. Not only did the severance ignore that this is a dispute for U.S. copyright infringement against mostly North American companies, but it dispatched Appellant's U.S. copyright infringement claims against GHM off to Singapore without qualification, setting off a cascade of unforeseeable statute of limitations issues that will cause easily avoidable prejudice to Appellant. GHM's opposition does not even address the clear Second Circuit precedent cited in Appellant's opening brief mandating that

district courts fully consider whether the presumptive transferee court will permit adjudication of the claims at issue and safeguard against any statute of limitations or other procedural concerns stemming from a dismissal for *forum non conveniens*.

The District Court further erred by not giving Appellant's choice of forum due deference. Both GHM's opposition and the District Court lost sight (or ignored) the fact that this is a case for U.S. copyright infringement brought against a large number of American companies and foreign companies doing business in the United States. It is therefore most naturally venued somewhere in the United States. Because numerous defendants are located in New York and GHM maintains a sales office in the New York City, venue in the Southern District of New York was appropriate. That choice should have been given significant deference.

Regarding the private and public *forum non conveniens* factors, as explained in Appellant's opening brief, GHM failed to meet its burden of proof. Yet in its opposition on appeal, GHM submits new arguments and facts it did not raise in the summary judgment briefing that it clearly had available to it then. GHM may not raise such new arguments for the first time on appeal. Even considering these new arguments, GHM still falls far

short of the high burden it faces to support a transfer of this U.S. copyright infringement case to Singapore.

Finally, this Circuit has jurisdiction to hear this appeal. The severance by the District Court under Federal Rule of Civil Procedure 21 created two separate cases for the purposes of finality and appealability, one against GHM and one against the other defendants. Because the order dismissed all of Appellant's claims against GHM, it is a final order for the purposes of appealability. Appellant's jurisdictional statement was therefore compliant, and this Court has jurisdiction over this appeal.

In sum, this Court should reverse the District Court for failure to fully determine whether Singapore is an adequate alternative forum to adjudicate claims of U.S. copyright infringement and/or safeguard against procedural and statutory prejudice to Appellant flowing from the severance and dismissal order. In the alternative, this Court should exercise its inherent power to modify the District Court's order to eliminate the statute of limitations problems inadvertently created by the District Court's unconditional dismissal of all claims against GHM.

II.     ARGUMENT

A.     This Court Has Jurisdiction To Hear This Appeal And, Accordingly, Appellant's Jurisdictional Statement Was Proper.

A jurisdictional statement must set forth the basis for this Court's jurisdiction.  Federal Rule of Appellate Procedure 28(a).  Under 28 U.SC. § 1291, appellate jurisdiction exists from a final order of a district court. Appellant's jurisdictional statement states that this appeal is from a final order of a district court as to all claims against GHM, which it is. The District Court's order below severed Appellant's claims against GHM from its claims against all other defendants and then dismissed all of Appellant's claims against GHM on *forum non conveniens* grounds.  (A-2389).

GHM, in response, claims that this Court does not have jurisdiction because the District Court's order below is a non-appealable interlocutory order and that Appellant's jurisdictional statement did not provide sufficient facts to establish appellate jurisdiction.  GHM is incorrect.

Nearly all circuits, including this one, have determined that severance under Federal Rule of Civil Procedure 21 creates a separate case for the purposes of finality and appealability. *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d. Cir. 1974); *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017); *Kitchen v. Heyns*, 802 F.3d 873, 874-75 (6th Cir. 2015); *Hofman v. De Marchena Kaluche & Associados*, 642 F.3d 995,

997-99 (11th Cir. 2011); *Gaffney v. Riverboat Svcs. Of Indiana Inc.*, 451

F.3d 424, 440-42 (7th Cir. 2006); *Acevedo-Garcia v. Monroig*, 351 F.3d

547, 560 (1st Cir. 2003); *United States ex rel. LaCorte v. SmithKline

Beecham Clinical Labs, Inc.*, 149 F.3d 227, 231 n. 3 (3d Cir. 1998);

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th

Cir. 1991); *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

Dismissal of all claims in a severed case is immediately appealable.

*Spencer, White & Prentis, Inc.*, 498 F.2d at 361; *Kitchen*, 802 F.3d at 874-

75; *United States ex rel. LaCorte*, 149 F.3d at 231 n. 3. The District Court's

decision below, too, recognized that severance creates a wholly separate

action. (A-2386 to A-2387)(stating "[s]evered claims become entirely

independent actions to be tried, and judgment entered thereon,

independently")(citing *Oram v. SoulCycle LLC*, 979 F.Supp.2d 498, 502

(S.D.N.Y. 2013)). Thus, by severing the Appellant's claims, the District

Court below created, in effect, two parallel actions by Appellant, one against

GHM and one against the other named defendants.

In fact, the District Court severed the case for precisely that reason

(i.e., so that, by creating two separate actions, it did not need to consider the

other defendants' susceptibility to service in Singapore along with GHM's).

Without such a severance, given that the near entirety of defendants are

North American companies catering primarily to American consumers, it is highly likely (if not incontrovertible) that numerous defendants would not be susceptible to service in Singapore, and Singapore is not, by default, an adequate alternative forum.[1]  With separate actions, the District Court could then freely apply the *forum non conveniens* factors to the claims against GHM in isolation without having to consider the adequacy of Singapore as an alternative forum as to the other defendants.

The resulting dismissal of all claims in the severed action against GHM.  It held no claims back and sent the entire case to Singapore, not just the threshold issue, as GHM contends.  Therefore, the District Court's dismissal order was a final order and immediately appealable.

GHM cannot have it both ways here.  If, as it contends, the decision below was interlocutory because the claims against the other defendants remain lumped in with the claims against GHM, then the District Court erred in not determining if the other defendants are susceptible to service in Singapore.  If the severance created parallel actions, then the dismissal of all claims against GHM is a final, appealable order.  The fact that the District

---

[1] Though Appellant acknowledges that the District Court's severance of the claims against GHM created two separate actions for the purposes of finality and appealability, for the reasons set forth in Appellant's opening brief (App. Op. Brief pp. 29-34) and below in Section II(B)(1), the severance was inappropriate.

Court still requires the parties to report to the court every three months does not detract from the finality of the dismissal. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994) (allowing district court's retain jurisdiction over enforcement or interpretation of settlement terms despite dismissal of case).

Moreover, the "finality" rule for the purposes of appealability is given practical, rather than technical, meaning. *In re Master Key Antitrust Litigation*, 528 F.2d 5 (2d. Cir. 1975). Even if not final, an order is appealable if it has "irreparable effect upon the rights of some party." *MacAlister v. Guterma*, 263 F.2d 65, 66-67 (2d. Cir. 1958)(holding an order denying a pretrial consolidation of stockholders' derivative actions deemed final order because of its effect on the rights and remedies of the plaintiff). In other words, if an order is for practical purposes a final order, even if technically it isn't, it may still be considered as such for the finality rule for the purposes of appealability. Here the District Court dismissed all claims against GHM, even if it still requires GHM to check in from time to time. With no claims remaining or parties against GHM, it must be a final order for the purposes of appealability.

Thus, the decision below is a final appealable order of Appellant's claims against GHM. This Court has jurisdiction over this appeal and

Appellant's jurisdictional statement was compliant with Rule of Appellate

Procedure 28(a)(4).

> B. GHM Failed To Meet Its Burden Of Establishing Singapore As
> An Adequate Forum To Address Claims Of U.S. Copyright
> Infringement, and the District Court Committed Reversible
> Error By Not Addressing This Prerequisite Issue.

To establish an adequate alternative forum, the moving party (here

GHM) must meet its burden by proving that the defendants are all subject to

service of process in the alternative forum and that the presumptive

transferee forum permits litigation of the subject matter of the dispute.  *See*

*In re Hellas Telecomms. (Luxembourg) II SCA*, 535 B.R. 543, 592 (S.D.N.Y.

2015)(explaining the test for finding an adequate alternative forum); *see*

*also, Erasquin v. Notz, Stuck Mgmt. (Bermuda) Ltd.*, 806 F.Supp.2d 712,

724 (S.D.N.Y. 2011).  As further discussed below, in Appellant's opening

brief, and at summary judgment, GHM failed to meet its burden as to the

adequacy of Singapore as an alternative forum.

Likewise, the District Court failed to consider whether Singapore

courts will permit litigation of U.S. copyright infringement claims, instead

incorrectly considering whether Singapore courts can decide issues of

copyright infringement in Singapore.  District courts must fully analyze

whether the presumptive transferee court permits litigation of the claims at

issue.  *In re Hellas Telecomms. (Luxembourg) II SCA*, 535 B.R. 543, 592

(S.D.N.Y. 2015) Failure to consider any of the factors constitutes reversible

error.  *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d

Cir. 2005)(citing *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d

64, 70 (2d Cir. 2003)).  Here, This failure by the District Court to consider

that the claims here are U.S. copyright claims and whether a Singapore court

will even hear such a case is reversible error.

>    1.    The District Court avoided having to address issues of
>          service of process for the other 70+ defendants by first
>          improperly severing the claims against GHM into a
>          separate action.

For the reasons set forth in Appellant's opening brief, the District

Court's severance of the claims against GHM was not warranted or

appropriate and must be reversed.  The District Court severed the claims

against GHM from those against the other defendants so that it could avoid

having to grapple with the patent fact that the near entirety of defendants in

this case is not susceptible to service of process in Singapore, which means

Singapore is not an adequate alternative forum (not surprising since this is a

case for U.S. copyright infringement by mostly American companies.

While the severance created a convenient way for the District Court to

ignore that this is fundamentally a U.S. copyright infringement dispute

against almost entirely North American companies—and avoid having to decide an issue of foreign law (or even if that foreign law applies to this case at all) in the process[2]—for several reasons detailed in Appellant's opening brief and below, it did not serve judicial economy for the litigants.

First, severance is improper where there is one venue that can decide the matter as to all defendants and the claims and parties are intertwined. *Jewell v. Music Lifeboat*, No. 16-cv-1587 (NG) (PK), 2017 WL 2226572, *8 (E.D.N.Y. May 19, 2017). Here, the Southern District of New York can decide Appellant's U.S. copyright infringement claims against all defendants, even if the threshold issue of copyright is governed by Singapore law.

Second, even if Appellant were allowed to adjudicate its U.S. copyright claims against GHM in Singapore and win, GHM will be dragged right back to the Southern District of New York, as the other defendants

_____

[2] As explained in Appellant's opening brief, the District Court did not actually decide that the threshold issue of copyright ownership in this case is governed by Singapore law. (App. Op. Brief pp. 35-39); *see also* District Court's Opinion and Order generally). Appellant maintains, as it did on summary judgment, that U.S. law applies to the threshold element of copyright ownership but that, even if Singapore law applies, the District Court was well-equipped by the parties with ample Singapore law expert testimony to decide that issue. This Circuit has cautioned against the "excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must often perform." *Manu Int'l S.A. v. Avon Prods, Inc.*, 641 F.2d 62, 67 (2d Cir. 1981).

intend to assert indemnity claims against GHM. (A-1341, n.7; A-1938 to A-1962). Thus, the effect of the District Court's severance will require both Appellant and GHM to litigate this case in two venues rather than one. The Southern District of New York, by contrast, can decide all issues between all parties. Severance, therefore, serves no parties' interest. Because severance is highly disfavored except where already in the interest of judicial harmony, the District Court's severance order should be reversed with instructions to consider re-filed motions for summary judgment as one case.

GHM's opposition does not even attempt to refute these facts. Instead, GHM's justification for the severance rests on the false assertion that the District Court's decision below only dismissed the threshold issue of copyright ownership to Singapore and retained Appellant's U.S. copyright infringement claims against GHM and the other defendants:

> Here, the District Court properly determined that Singapore law *most likely* applied to the threshold issue of who controls the right to use the photographs…However, the District Court severed the *infringement* claims and stayed them until the Singapore Court resolved the threshold issue of who controls the use of the copyright….Once that issue is resolved, assuming it prevails, Wave will be free to litigate its infringement claims in New York, subject to whatever defenses as to those claims the stayed defendants and GHM may have.

(GHM Opp. at p. 19)(emphasis added). GHM reiterates this claim later in its opposition, stating that the District Court's order only determined that

11

"the threshold issue must be resolved in Singapore." (GHM Opp. at p. 33).

Thus, GHM argues that since the District Court only dismissed the threshold

issue, Plaintiff can come right back to the United States and pick up where it

left off in its claims against the other defendants and GHM if it is successful

in litigating the dismissed threshold issue in Singapore.

The District Court's order plainly contradicts GHM's assertion. The

District Court made clear that "Plaintiff's <u>claims</u> against GHM are dismissed

on *forum non conveniens* grounds." (emphasis added) (A-2389) Nothing in

the order limits it to just the threshold issue. GHM in its opposition tacitly

admits this when it states that "[s]everance of Wave's claims against the

other Defendants also preserves Wave's filing date against those

Defendants, and thus moots Wave's statute of limitations concerns

(discussed in further detail below), for *seventy-eight of the seventy-nine*

*Defendants* in this proceeding." (GHM Opp. at p. 18)(emphasis added).

Obviously, GHM is the odd man out, against whom Appellant's filing date

has not been preserved. Of course, by making this admission, GHM agrees

the District Court's order does not preserve Plaintiff's filing date against

12

GHM and that it also intends to take full advantage of the fact that the claims against it were dismissed entirely, not just the threshold issue.[3]

Thus, because of the significant prejudice to Appellant in having to litigate this case in two countries, and because many of GHM's own witnesses will be dragged right back to New York to litigate the numerous indemnity claims by the other defendants, severance served the opposite of judicial economy. It was improper for the District Court to sever the claims against GHM. The District Court's order should be reversed on this basis alone.

2.  To date, neither the District Court nor GHM has addressed whether a Singapore court could or would permit litigation of a case for U.S. copyright infringement, which is a mandatory prerequisite for a finding that Singapore is an adequate alternative forum.

Assuming that all defendants in the action are subject to process in the presumptive transferee court, the next part of the adequate alternative forum analysis focuses on whether the transferee "forum permits litigation of the *subject matter of the dispute.*" *Hellas Telecomms.*, 535 B.R. at 592

---

[3] As argued in Appellant's opening brief and below in Section II(B)(3), the error committed by the District Court was to give GHM a limitations defense it would not have otherwise had but for the severance and unconditional dismissal of the claims against GHM. GHM's referenced admission alone proves Appellant's point that the District Court committed reversible error.

(emphasis added). Failure to fully consider any of the *forum non conveniens* factors is reversible error.[4] *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). Both GHM and the District Court below failed to address whether a Singapore court would permit litigation of a claim for copyright infringements occurring in the United States subject to American law.

Instead, the District Court's order, and GHM both below and in this appeal, focus on whether the Singapore courts are well developed and whether there is a Singapore copyright statute. The answer to both these questions is unequivocally yes but misses the point. If this were a case for copyright infringement occurring in Singapore, no doubt Singapore would be an excellent forum to decide this case. But it is not such a case. Rather, it is a case for infringement occurring in the United States, which is subject to American law. There is no dispute on this point. GHM admits that even if Singapore law applies to the threshold copyright ownership element, the remaining elements (i.e., whether a copyright infringement occurred and remedies) would be governed by American law since these are claims for U.S. copyright infringement. (GHM Opp. pp. 18-19) (citing *Itar-Tass*

---

[4] Notably, this is true regardless of the level of deference paid to the plaintiff's choice of venue. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 157 (2d Cir. 2005).

*Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90-91 (2nd Cir. 1998))

The question, therefore, is not whether Singapore courts permit disputes over copyrights generally (or infringement occurring in Singapore) but whether they will decide disputes over infringement of copyrights occurring in a foreign country subject to that foreign country's law (even if the threshold issue of copyright ownership might be a matter of Singapore law). Yet, neither GHM nor the District Court has ever addressed this fundamental point. Thus, the District Court committed reversible error in not fully considering whether a Singapore court would permit litigation of Appellant's U.S. copyright infringement claims in Singapore. *See Norex*, 416 F.3d at 153.

Instead of briefing this prerequisite issue, GHM's opposition instead spends much space discussing the threshold issue of copyright ownership and that a Singapore court would be in an excellent position to decide that issue. No doubt. But as Appellant pointed out in its opening brief, the District Court did not even decide whether Singapore law applies to the first element of Appellant's U.S. copyright infringement (i.e., ownership of copyrights to the works at issue) but merely intimated it believed it probably did. Thus, a Singapore court confronted with this case would first have to

15

decide that it could hear a claim for copyright infringement occurring in the

United States and subject to American law, apply American law on the issue

of which country's law applies to the issue of copyright ownership (i.e., U.S.

or Singapore law), decide the issue of copyright ownership under that law,

and then apply U.S. law to the second element of a U.S. copyright

infringement claim, namely whether the defendant's works are substantially

similar under U.S. precedent to the plaintiff's work such that they infringe.

Both GHM's briefing to date and the District Court's order are devoid of

even a single sentence of analysis on whether Singapore court would do so.

Failure to fully consider whether a Singapore court will permit litigation of

Appellant's U.S. copyright infringement claims by the District Court is

reversible error.

> 3. Appellant's arguments regarding the statute of limitations issues resultant from the district court's severance and dismissal order were properly raised on appeal and warrant reversal or modification.

Appellant fully discussed in its opening brief the unforeseen statute of

limitations issues created by the District Court's unconditional severance

dismissal of Appellant's claims against GHM. As discussed in Section

II(B)(2), above, GHM has admitted that the District Court's dismissal does

not preserve Appellant's filing date against GHM, and yet the District Court

did not determine whether a Singapore court will permit the litigation of

U.S. copyright claims. Further, in dismissing Appellant's claims against

GHM the District Court also failed to safeguard against prejudicing

Appellant if the Singapore courts do not permit litigation of the matter there.

This Circuit has cautioned against district courts dismissing claims on *forum*

*non conveniens* grounds without safeguarding statute of limitations issues

should the case need to return to the U.S. *See, e.g., Usha (India) Ltd. v.*

*Honeywell Int'l, Inc.*, 421 F.3d 129, 135-36 (2d Cir. 2005); *see also* App.

Op. Brief, pp 40-45. In *Usha*, this Circuit reversed a district court's failure

to protect the plaintiff from statute of limitations issues when dismissing on

*forum non conveniens* grounds. *Id.*

GHM's opposition does not even address this Circuit's holding in

*Usha* cited in Appellant's opening brief. Instead, GHM criticizes

Appellant's choice of venue and argues that the statute of limitations issues

created by the District Court's ruling below are of Appellant's own making

because it chose to sue in the United States when it should have filed, in

GHM's view, in Singapore. GHM is incorrect. GHM's opposition once

against overlooks the fact that this is a case for U.S. copyright infringement

against many defendants, almost all of which (save GHM) are in the United

States or North America. Singapore would not be an appropriate venue to

17

sue such parties, and suing in multiple countries, when one (the Southern District of New York) can adjudicate the case against all defendants, is not in the interest of judicial economy.

GHM also argues that this statute of limitations issue should not be considered because Appellant did not raise it on summary judgment. GHM's argument is incorrect for at least two reasons. First, Appellant raised the argument that GHM failed to provide evidence that a Singapore court would even consider a case for U.S. copyright infringement. Therefore, there was no need to discuss the statute of limitations because the predicate issue—whether a Singapore court would entertain the case at all— had not been established by GHM. It was GHM's burden to establish an adequate alternative forum, which it failed to meet.

Second, the statute of limitations issue in the United States upon Appellant's return after a successful litigation in Singapore on the threshold issue of copyright ownership is one created by the District Court's order itself because it dismissed all claims against GHM, requiring Appellant to come back to the United States if the Singapore courts refuse to adjudicate the case (or they only decides the threshold issue). This was entirely unforeseeable since the District Court's failure to safeguard against any prejudice to Appellant could not have been predicted. Indeed, there was no

way for the parties to know that the District Court would sever.  Other than

one oblique and vague reference by GHM about bifurcation (not severance),

there was no briefing, over even mention, of severance of Federal Rule of

Civil Procedure 21 in the briefing below. (A-1999).  Thus, the District

court's ruling was unforeseeable.  This appeal was therefore the first time

Appellant could raise the statute of limitations argument.

C.     Appellant's Chosen Forum Is Entitled To Significant
       Deference.

Plaintiffs' choice of venue is generally given great weight in the

*forum non conveniens* analysis.  *Iragorri v. United Techs. Corp.*, 274 F.3d

65, 71 (2d Cir. 2001).  Appellant is a holding company created to hold and

enforce the copyrights to Appellant's body of photographs created over a

decade.  As further discussed in Appellant's opening brief, enforcing

intellectual property rights owned by a holding company is a legitimate

enterprise.  (App. Op. Br. 19-20).  The District Court acknowledged the

legitimacy of such companies.  (A-2380, n. 11).

Yet, despite the legitimacy of Appellant's existence, the District Court

(and GHM) erroneously focused on the genesis of the photographs at issue

and the location of Appellant's predecessors-in-interest in Singapore in

determining whether the case is local or foreign, ultimately concluding

Appellant's choice of venue should receive no deference. GHM's opposition, too, incorrectly focuses on this aspect of the case, losing sight of the fact that this case is one for U.S. copyright infringement against mostly North American defendants subject to American law. This case is therefore fundamentally local, even assuming (without conceding) that Singapore law applies to one of the elements of Appellant's claims against the defendants.

Accordingly, Appellant is not engaged in forum shopping. Indeed, it is hard to imagine where but the U.S. Appellant should have sued defendants for copyright infringement perpetrated in the United States. With the vast majority of defendants located throughout the United States, venue is proper where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b)(3). Given that many of the defendants are located in New York, and this Circuit has very well-developed copyright jurisprudence (not to mention GHM has a sales office in New York City), suing in the Southern District of New York is a perfectly legitimate decision entitled to significant deference.

GHM's opposition attempts to argue that Appellant was forum shopping in choosing the Southern District of New York because of differences between Singapore and U.S. copyright law on damages. GHM's citation to Singapore remedies is unpersuasive. First, GHM failed to raise

20

these substantive differences at summary judgment below.  As GHM's own

opposition states, arguments available to a party in the district court that are

not made there may not be made for the first time on appeal. (GHM Opp. pp.

33-34).  Thus, GHM's cited differences may not be considered.

Second, and more importantly, analyzing the differences between

Singapore and U.S. copyright legal remedies is the wrong comparison to

make because the claims made in this case are not for infringement

occurring in Singapore but for infringement perpetrated in the United States.

By GHM's own admission, all but the threshold copyright ownership issue

would be subject to U.S. law.  Thus, this comparison is inapt, and was

therefore not Appellant's choice of venue for suing GHM and the other

defendants was not between Singapore or New York but rather a question of

which district in the United States in which to sue.  Because GHM and a

significant number of the defendants are located in New York, under 28

U.S.C. § 1391(b)(3), venue in the Southern District of New York was

appropriate and should receive significant deference.

The District Court's myopic focus on just the threshold issue and the

location of Appellant's predecessors-in-interest lost the bigger picture that

this is, at its heart, a claim for U.S. copyright infringements that is best

decided here.  Using this overly narrow lens constituted reversible error.

D.   GHM Failed To Meet Its Burden As To The Private and Public Factors In The Court Below, Which It May Not Remedy On Appeal (And Has Not Remedied In Its Opposition In Any Event)

As noted above, a defendant seeking dismissal on *forum non conveniens* grounds bears the burden of proving the private and public factors support dismissal.  GHM failed to meet its burden on the private and public factors.

1.   GHM has failed to establish facts to support its position on the private factors.

As discussed in more detail in Appellant's opening brief, the applicable private factors to be considered are:  (a) the interests of the litigants in having the case tried in a particular forum, (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 237 (2d Cir. 2004).  These factors focus on the ease of trial.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

As an action for copyright infringements occurring in the United States against almost entirely North American companies, the greater ease of trying this case in the United States versus Singapore is patent.  Both GHM

and the District Court erred by focusing just on the threshold issue,

improperly narrowing this case to a single issue against a single defendant.

For the purposes of litigating the case in the District Court, the stay as to all

other defendants and the threshold issue was in the interest of judicial

economy.  But when considering the convenience of trial, the District Court

should have considered the convenience of all parties.[5]

Indeed, with 70+ defendants, the vast majority of which are in North

America, the convenience of trying this case in New York is obvious,

especially since many of the other defendants will bring GHM right back to

the United States to address their indemnity claims against it even if

Appellant were able to litigate its U.S. copyright infringement claims (or

even just the threshold issue) against GHM in Singapore.  Severing the case

to avoid considering the remaining defendants' convenience takes too

myopic a view of the case and causes significant prejudice to Appellant, as

---

[5] GHM repeatedly argues that Appellant itself has taken the position that
New York is an inconvenient venue.  This argument is intentionally
misleading.  Appellant argued that New York was less convenient than San
Francisco as a venue to adjudicate copyright infringement occurring in the
United States.  Both venues are in the United States and are appropriate
venues for pursuing U.S. infringement claims against American companies.
Singapore, on the other hand, is not an appropriate venue to litigate claims of
U.S. copyright infringement, as Appellant has made clear.  Thus, because
both the Northern District of California and Southern District of New York
are appropriate venues for Appellant's infringement suits, Appellant was
merely arguing California is closer to Singapore than New York.

argued above in Section II(B)(1) and in Appellant's opening brief on appeal.
(App. Op. Br. 29-34, 40-45).

Moreover, even assuming (without admitting) the severance was
permissible, by filing a motion for summary judgment on the threshold
copyright ownership issue, GHM tacitly admitted trial was unnecessary. It
cannot now argue that trial would be inconvenient if it itself argued a trial
was not even needed.

Further, to meet its burden as to the convenience of witnesses, GHM
must name specific third-party witnesses that will be unavailable at trial in
New York and why their testimony is germane to the case. *Manela v.
Garantia Banking Ltd.*, 940 F.Supp. 584, 592-93 (S.D.N.Y. 1996). GHM
has not done so. Instead, without explaining why their testimony would be
important or admissible, GHM parades out a litany of potential witnesses in
numerous countries outside of Singapore (including the United States) [6]—
who notably would be equally incapable of receiving compulsory process in
Singapore as in the U.S.—and only two third-party witnesses, the

---

[6] Notably, GHM ignores that over 40% of the photographs at issue in this
case are of just two hotels, both of which are located in the United States
(the Setai in Miami and the Heritage House in California). (*See* copyright
registrations, A-111 to A-380). Therefore, to the extent that witnesses from
the various hotels would be relevant, nearly half of the photographs can be
discussed by witnesses far more available if this case were to proceed in
New York than in Singapore.

photographer, Mr. Kawana, and the Singapore accountant who had dissolved a couple of Applicant's predecessor-in-interest companies.

The mere existence of these possible witnesses does not make trial inconvenient here. GHM has not even attempted to explain why these witnesses' testimony might be relevant or if they will actually be unavailable. Such a broad list of witnesses, with no explanation as to the import or substance of their testimony or whether they would be any more available in Singapore than the U.S. simply falls far short of GHM's burden on the private factors.

Moreover, cost should not be an issue. GHM's defense is being paid by an insurer, and in any event it will have to bring its witnesses over to defend against the other defendants' indemnity claims. The District Court's acceptance of GHM's vague and non-probative assertions on the private factors was reversible error.

> 2. GHM has failed to establish dismissal is appropriate under the public factors.

The public interest factors are: (1) court congestion, (2) the interests of forums having local disputes decided at home, and (3) the interest in having issues of law decided by the country whose law applies. *Carey*, 370 F.3d at 237. Applying these factors, the United States is the clear forum for this case.

25

First, with court congestion, GHM did not address the issue at summary judgment, so the District Court found it to be neutral. Notably, GHM for the first time raises court congestion in the Southern District of New York as a basis for transfer, claiming the Singapore courts move more quickly. GHM may not bring up such an argument on appeal for the first time, by its own admission in its opposition. (GHM Opp. pp. 33-34)(citing *Local 377, RWDSU, UFCW, v. 1864 Tenants Ass'n*, 533 F.3d 98, 99 (2d Cir. 2008); *Lanham v. Mansfield*, 400 Fed. Appx. 609, 611 (2d Cir. 2010); *Perry v. New York Dep't of Labor*, 398 Fed. Appx. 628, 629 (2d Cir. 2010); *Maska U.S., Inc. v. Kansa Gen. Ins. Co*., 198 F.3d 74, 79-80 (2d Cir. 1999).

Second, as discussed in Section II(B)(2), above, and in Appellant's opening brief, neither the District Court nor GHM has analyzed whether a Singapore court would even hear a case for U.S. copyright infringement. Therefore, the Singapore courts' efficiency is meaningless without first establishing that they would hear this case in the first place.

Third, this is a dispute over widespread copyright infringement against 70+ (mostly) American companies and foreign companies (including GHM) doing business in the United States. It is therefore local to the United States, and the Southern District of New York has a vested interest in deciding it to protect American consumers.

Fourth, though there is a question on whether Singapore law might apply to the threshold issue of original ownership of the foreign works at issue in this case, which the District Court did not even decide, there is no question that all other issues and elements in the case will be subject to American law.   Therefore, to consider this case local to Singapore because a single issue among several *might* be governed by Singapore law is letting the tail wag the proverbial dog.

Yet, that is precisely what the District Court concluded below and GHM argues in its opposition.  Once again, this argument is in error because it misses the foundation of this dispute as enforcing against U.S. copyright infringements by companies doing business in the United States and targeting American consumers subject to American law.  To isolate a single threshold issue and the only foreign defendant from the same country as Appellant's predecessor-in-interest, just to avoid deciding an issue of foreign law that the parties fully equipped the court to decide, is not in the interest of justice and is, in fact, reversible error.  The public factors favor reversal.

III.    CONCLUSION

For the reasons set forth above, and in Appellant's opening brief, the District Court's order severance and dismissal order should be reversed or,

in the alternative, modified to safeguard against any U.S. copyright statute of

limitations issues caused by the District Court's unqualified severance and

dismissal of GHM.

Dated: Berkeley, California
      November 1, 2017

*/S/ VIJAY TOKE, ESQ.*
VIJAY TOKE, ESQ.
COBALT LLP
*Attorneys for Plaintiff-Appellant*
918 Parker Street, Suite A21
Berkeley, California 94710
(510) 841-9800

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS
AND TYPE STYLE REQUIREMENTS**

1.  This brief complies with the type-volume limitation of
    Fed.R.App.P.32(a)(7)(B) because:

    This brief contains 6,098, excluding the parts of the brief exempted by
    Fed.R.App.32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed.R.App.P.32(a)(5)
    and the type style requirements of Fed.R.App.P32(a)(6) because:

    This brief has been prepared in Proportionally-Space typeface using
    Microsoft Word, in Times New Roman, Font Size 14.